5    367
54   177

MARY E. FURNAS, PLAINTIFF IN ERROR, v. NEMAHA COUNTY, DEFENDANT IN ERROR.

1. **Practice in Supreme Court.** The only mode of reviewing in this court the judgment of inferior courts, and tribunals exercising judicial power, in civil cases, is by appeal or petition in error.

2. ————. This court will not review a decision of the county commissioners, made while acting as a board of equalization, on an agreed statement of facts, when none of the statutory steps have been taken to bring the case here.

THIS case came up upon an agreed statement of facts from Nemaha county.

*Robert E. Furnas*, appeared in behalf of plaintiff.

*W. T. Rogers*, for the defendant.

LAKE, CH. J.

It is sought by this proceeding to have a review in this court of a decision of the board of equalization of Nemaha county, whereby certain lands of Mary E. Furnas were, as it is claimed, erroneously entered, and returned upon the tax duplicate for taxation.

The whole subject is presented to this court, as it was also to the district court, upon an agreed statement of facts, and the question first to be determined is whether we will exercise jurisdiction of a matter thus informally brought to our notice.

The statute points out distinctly the course to be pursued " to reverse, vacate or modify judgments and orders in courts of appellate jurisdiction," which, except where an appeal is given, " shall be by petition, to be entitled petition in error, filed in a court having power to make such reversal, vacation or modification, setting forth the

errors complained of," etc.   Sec. 584, Code of Civil Procedure.

Waiving entirely the question of our jurisdiction to review the decisions of an inferior tribunal in this informal manner, which has not been raised by the parties, still we are of opinion that the recognition of so loose a practice would lead to infinite mischief, and therefore should be discountenanced.

This court does not sit in the character of a board of arbitration to decide upon the validity of the judgment of other courts, but to adjudge, under the forms of the law, whether errors have been committed prejudicial to the party complaining, the same being brought distinctly to our notice.

For these reasons the case must be dismissed.

CASE DISMISSED.