JOHN K. ROODE, PLAINTIFF IN ERROR, V. JOHN J. DUNBAR, DEFENDANT IN ERROR.

**Practice in Supreme Court.** The supreme court can review an action at law only by proceedings in error. And where it appears from the record that no exceptions were taken to the ruling of the court below, and no steps taken to call the attention of the court to the alleged errors, they will not be reviewed by this court.

ERROR to Jefferson county district court.

*Saxon & Snell,* for plaintiffs in error.

*Slocumb & Hambel,* for defendant in error.

MAXWELL, CH. J.

The plaintiff brought an action in the district court of Jefferson county against the defendant for malicious prosecution. On the trial of the cause the jury found a verdict for the defendant, upon which judgment was rendered dismissing the case. The plaintiff brings the cause into this court by petition in error.

The errors assigned are that the court erred in giving to the jury certain instructions, which are set out at length. No exceptions were taken to the instructions at the time they were given, and no objection on that ground was made in the motion for a new trial. We have been unable to discover a single exception taken by the plaintiff to the ruling of the court during the progress of the trial. An action at law can only be reviewed on error, and the attention of the court

NOTE.—See *Robertson v. Hall,* 2 Neb., 17. *Furnas v. Nemaha County,* 5 Neb., 367. *Morrill v. Taylor,* 6 Neb., 236. *Frey v. Drahos,* 7 Neb., 194. *Horbach v. Miller,* 4 Neb., 43. *Heard v. Dubuque County Bank,* 8 Neb., 10, and cases cited.—REP.

below must have been directed to the alleged errors before they will be considered in this court. A careful reading of the testimony, however, shows that the jury were fully warranted by the evidence in returning a verdict for the defendant. The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.