Prentice Brownstone Company, appellant, v. Orlando J. King et al., appellees,

AND

Prentice Brownstone Company, plaintiff in error, v. Orlando J. King et al., defendants in error.

Filed March 21, 1894. Nos. 5496, 6000.

1. **Review: Proceedings in Error.** The judgment of a district court, pronounced in an ordinary action at law, can only be reviewed in this court on a petition in error.

2. **Appeal: Review.** An appeal from an order dismissing a suit in the nature of an equitable garnishment, brought to restrain the defendant from paying money to an alleged debtor of the appellant during the pendency of his suit at law against such debtor, will be dismissed without an examination on its merits, when it appears that appellant failed in his suit at law in the court below to establish his claim, and the judgment in such case has been affirmed by this court.

Appeal and Error from the district court of Cass county. Heard below before Chapman, J.

*Blair & Goss,* for appellant and plaintiff in error.

*A. N. Sullivan* and *H. D. Travis, contra.*

Ragan, C.

The Prentice Brownstone Company (hereinafter called the "Stone Company") brought a suit at law in the district court of Cass county against Orlando J. King and Erath & Thym, a copartnership. The Stone Company alleged as its cause of action against King that he had the contract for furnishing the material and building a court house for Cass county; that he sublet the contract to furnish the stone, and to do some stone work, to Erath &

Thym, and that they purchased stone of the Stone Company, and, on the 9th of October, 1891, was indebted to it $1,888; that on said date, by an agreement between all the parties to the suit, King agreed to pay to the Stone Company $1,500 out of the money owing to him by Cass county and charge the same to the account of Erath & Thym, and that he had refused to make such payment. The defense made by Erath & Thym and the case, so far as they are concerned, are immaterial here. King, by his answer in the suit, expressly denied the agreement to pay the Stone Company $1,500 or any other sum of money as pleaded by it; but alleged, in effect, that on the 9th day of October, 1891, that he promised the Stone Company that when he should have a settlement with Erath & Thym and when they should complete their contract with him, he would pay over to the Stone Company any balance that might be found owing to Erath & Thym. This case was tried to a jury and a verdict returned in favor of King, and judgment rendered on such verdict. The Stone Company filed in the district court a motion for a new trial on the 29th of September, 1892, and on the 17th of February, 1893, filed in this court a transcript of the record and a bill of exceptions in the case; but no petition in error has ever been filed here, and for that reason we do not know of what errors, if any, the Stone Company complains; and as the time has long since gone by when the Stone Company could file in this court a petition in error, the judgment of the district court must be affirmed.

The Stone Company on the same day that it brought the aforesaid action at law brought also a suit in equity in the district court of Cass county against Orlando J. King and the county officers of Cass county. In this petition the Stone Company alleged the indebtedness of King to it on the same contract and in the same manner as it alleged in its suit at law; and further alleged that the county of Cass was indebted to King in a larger sum than $1,500; the

56

pendency of its suit at law; and that King was insolvent, and prayed for an injunction restraining the county of Cass and its officers from paying King any sum of money whatever, and for a decree of the court compelling the county authorities of Cass county to pay what they owed King into court, to abide its further order. The district court, on a final hearing of this equity suit, dismissed the same and the Stone Company brought that case here on appeal. The two cases have been considered together. The suit in equity was in effect an equitable garnishment to reach money in the hands of Cass county owing by it to King. Since the Stone Company failed in the court below to establish that King was indebted to it, and that judgment has been affirmed, this court will not examine the appeal in equity on its merits; and the appeal in the equity case must therefore be dismissed.

JUDGMENT ACCORDINGLY.

POST, J., not sitting.