CARL WALDOW ET AL., APPELLANTS, V. A. D. BEEMER,
ADMINISTRATOR, APPELLEE.

FILED JUNE 22, 1895. No. 6257.

1. **Administration of Estates:** ORDER OF SALE: REVIEW. An
order of the district court licensing the sale by an administrator
of mortgaged premises for the payment of debts of a decedent
will not be reversed where the proofs fail affirmatively to show
that such order was improper.

2. **Appointment of Administrator:** REGULARITY OF PRO-
CEEDINGS. Whether or not an administrator has regularly been
appointed such cannot be inquired into or determined in resist-
ing his application for license to sell real property for the pay-
ment of debts.

APPEAL from the district court of Cuming county.
Heard below before NORRIS, J.

*Uriah Bruner,* for appellants.

*M. McLaughlin, contra.*

RYAN, C.

This is an appeal from an order for the sale of real prop-
erty of William Waldow, deceased, for the payment of debts
and costs of administration. There were many objections
presented, of which such as are at all important shall be
considered in a general way to avoid the confusion which a
detailed history of all the facts pleaded and proved would
necessarily involve.

The petition contained averments that there had been
allowed against the estate of William Waldow debts to the
amount of $1,230.50, and costs of administration to the
amount of $250; that the real property necessary to be
sold consisted of two tracts of land containing 160 acres
each. In the objections filed to the petition it was asserted

that William Waldow left a will, which in the county court of Cuming county on April 28, 1888, was probated, from which order of probate an appeal was duly taken by the contestants to the district court of said county, wherein on March 22, 1889, a verdict was rendered in favor of the proponent, but that no judgment was rendered thereon until February 3, 1891—nearly two years after said verdict had been found.   It was also alleged that on the 13th of February, 1889, T. M. Franse filed a claim in the aforesaid county court against said estate for the principal sum of $95, and interest $75, on a note made to him by William Waldow, which claim was allowed in the sum of $216.18. This claim it was alleged was assigned to Daniel C. Giffert, upon whose application A. D. Beemer was appointed administrator of the estate of William Waldow on December 2, 1889.   The contention by appellants is, that as the claim of Franse was filed and allowed before administration granted that this allowance was without jurisdiction in the county court to make it, and furthermore it is insisted that until a judgment had been rendered upon the verdict sustaining the will in the district court the contest in respect thereto was pending, and that meantime an appeal undertaking having been given, the county court had jurisdiction neither to appoint an administrator of, nor to allow a claim against, the estate of William Waldow.   From one of these premises it is argued that Mr. Beemer had no standing to act as administrator, and from the other that there was proved no claim rendering necessary the sale of the real property ordered by the district court.   In respect to the first of these it is sufficient to say, Mr. Beemer's appointment and qualification as administrator were at most irregular and cannot be collaterally impeached in this proceeding.   As to the insufficiency of the claim allowed in favor of Mr. Franse, it may be conceded that the statute requires the appointment of an administrator before such a claim can be allowed against an estate.   In this case, however,

appellants themselves made proof that this claim had been filed and allowed. It is, to say the least, questionable whether they now should be permitted to assail its validity. We are not called upon, however, to determine this question, for upon the pleadings it must be accepted as a fact that there were costs of administration which justified a sale of real property since the proofs showed the want of any personalty. If too much was allowed sold the statute provides for such a contingency. As to the objection that the district court, after its license to sell for payment of debts incurred in administration, ordered that the proceeds should be "invested in some productive stocks," it is deemed proper to say that this does not affect the validity of the order of sale. There was a mortgage on each tract ordered sold, and we cannot say that the permission to sell, subject thereto upon a showing of $250 costs of administration, admittedly due, was erroneous or unjustifiable. The judgment of the district court is therefore

AFFIRMED.