NEBRASKA WESLEYAN UNIVERSITY, APPELLEE, V. WILLIAM H. CRAIG'S ESTATE, APPELLANT.

FILED MARCH 17, 1898.   No. 7656.

Appeal.   An appeal, in the strict sense of the term or as distinguishing the designated procedure from one in error or by petition in error, will not generally lie to this court from an inferior court in a legal or law action.

APPEAL from the district court of Douglas county. Heard below before HOPEWELL, J.   *Appeal dismissed.*

*Paul Charlton* and *Robert S. Rodgers*, for appellant.

*Ralph W. Breckenridge, contra.*

HARRISON, C. J.

March 15, 1892, there was filed in the county court of Douglas county by the appellee herein a claim against the estate of William H. Craig, deceased, then in process of administration in said court. The claim was for the sum of $25,000, and predicated on an alleged subscription by William H. Craig, when living, of such sum "as an endowment for the Charles H. Fowler Professorship of Christian Ethics." During the course of the contest which ensued relative to the allowance of the demand an amended statement of the claim was filed, and after a number of adjournments of the hearing of the matter, on December 2, 1892, the claim was disallowed. An appeal from this order was perfected in behalf of the university to the district court, where a petition was filed in which there was a prayer for the allowance of the claim and judgment against the estate for the amount thereof. Of the matters stated in the petition there was in the answer filed for the executors of the estate a general denial. Of the issues joined there was a trial before the court and a jury, which resulted in a verdict favorable to the appellee herein. A motion for a new trial was filed for the executors, which, on hearing, was overruled and judgment for appellee was rendered on the verdict. An appeal has been perfected to this court for the executors. The word "appeal" is used in this connection in its strict import, or as distinguished in its application to, and designation of, the method of procedure from an error proceeding or review of alleged errors sought by petition in error. No petition in error has been filed herein, nor has the issuance and service of a summons in error been procured, and the time for either has long since passed, but notice of an appeal was, at the instance of appellant, issued and served.

The question arises upon the record presented here of the jurisdiction of this court, in this, an appeal, to examine and determine the errors alleged to have been committed by the trial court.. It is true this is not raised or discussed by the parties, but is inherent in the proceeding, and the cause, if not properly presented here, cannot be considered and must be dismissed. The claim originated, as we have before indicated, in a promise; it was purely contractual, and its non-performance would ordinarily but have given rise to an action at law for its enforcement. The death of the promisor cast upon the promise its nature of a claim against his estate or afforded a new or different channel through which a compliance with its terms and conditions might be sought. To reach a proper conclusion on the question suggested will necessitate an examination of the course of legislation in regard to presentation of claims or demands against the estates of decedents and appeals from their allowance or disallowance.

During the session of the legislative assembly of the territory of Nebraska, having its inception of date December 5, 1860, there was passed an act "providing for the settlement of the estates of decedents, and for other purposes." (See Session Laws 1860, p. 59, of which chapter 9 was in relation to payments of debts, etc.) In such chapter there was indicated a course of procedure for the presentation and adjustment of claims against estates of deceased persons, and of such procedure was the right of an appeal by a claimant from the order of rejection of claims; and it was further provided in the matter of an appeal that notice of the appeal and the hearing thereof should be given the adverse party in such manner as directed by the judge of probate and at least twelve days prior to the next term of the appellate court; and further, that "The party appealing shall procure and file in the district court to which the appeal is taken, at or before the next term of said court after the appeal is allowed, a certified copy of the record of the allowance or disal-

lowauce appealed from, of the application for the appeal
and the allowance of the same, together with the
proper evidence that notice has been given to the adverse
party according to the order of the probate court. When
such certified copy shall have been filed in the district
court, such court shall proceed to the trial and deter-
mination of the same according to the rules of the law
allowing a trial by jury of all questions of fact in cases
where such trial may be proper; and such court may di-
rect an issue to be made up between the parties in a brief
form when it shall be deemed necessary; and questions of
law may be carried to the supreme court and costs may be
allowed or denied in the discretion of the court." (Ses-
sion Laws 1860, p. 94, secs. 25, 26.) The act was amended
during the legislative session of 1873, the manner of no-
tice of the appeal, etc., was changed, and on the matters
to which our attention is more particularly required the
subjects were treated as follows: "The party appealing
shall, on or before the first day of the term of said court
next after the expiration of the time within which notice
might have been given as required in the last preceding
section, procure and file in the district court a certified
copy of the bond, if any, given on appeal, and of the rec-
ord of the allowance or disallowance appealed from, and
of the claim or set-off filed, together with the proper evi-
dence that notice has been given as aforesaid to the ad-
verse party. The district court shall proceed to a trial
and determination of the case in like manner as upon ap-
peals brought upon the judgments of justices of the
peace; and such court may direct an issue to be made up
between the parties when it shall be deemed necessary;
and questions of law may be carried to the supreme court
and costs may be allowed or denied in the discretion of
the court." (General Statutes 1873, p. 322, secs. 237, 238.)
It is clear from an inspection of the legislation that the
procedure in the district court in an appeal from the ad-
justment in the probate (now county) court of a claim
against the estate of a decedent was to be as in any ordi-

nary civil action commenced in the appellate court, and the action in the case at bar was, by nature of the claim and in all its elements, a legal or law action.

For a general discussion of the subject of appeal and a determination that in a proceeding by a railroad company before a county judge to condemn lands in the exercise of its statutory right in that regard—it being of the provisions of the law governing such proceedings that an appeal from the order or adjudication made might be had to the district court and an appeal from the decision of the district court to the supreme court—that appeal there meant, "the action being essentially legal," a review in the supreme court, to be obtained by error proceeding or petition in error, see *Nebraska Loan & Trust Co. v. Lincoln & B. H. R. Co.*, 53 Neb. 246. That an appeal to the supreme court will not lie in a law action, see *Roode v. Dunbar*, 9 Neb. 95; *Robertson v. Hall*, 2 Neb. 17; *Furnas v. Nemaha County*, 5 Neb. 367. The latter case is also to the point that the court will not exercise jurisdiction when the case is not properly presented, though the question has not been raised by any of the parties. To the main point see also *Morse v. Engle*, 26 Neb. 247; *Prentice Brownstone Co. v. King*, 39 Neb. 816. It follows that the cause is not properly presented to this court and the appeal must be dismissed.

APPEAL DISMISSED.