CHARLES SHERER, Appellant,

*vs.*

FRED A. SHERER, Administrator.

Knox. Opinion November 1, 1899.

*Probate. Appeal. Aggrieved. R. S., c. 63, § 23.*

An administrator cannot appeal from a decree of the judge of probate authorizing an action on his bond.

He is not a person "aggrieved" in the statutory sense of that word, nor is he thereby concluded from asserting or defending his claims of personal or property rights in any proper court.

*Bulfinch, Admr.*, v. *Waldoboro*, 54 Maine, 150, affirmed.

ON EXCEPTIONS BY APPELLANT.

This was an appeal by Charles Sherer, administrator of the goods and estate of Reuben Sherer, from a decree of the judge of probate for the county of Knox, authorizing Fred Sherer to commence a suit on the probate bond of said administrator, for the benefit of said estate.

When the appeal came on to be heard, the presiding justice ruled, as a matter of law, that Charles Sherer, the administrator, had no right to appeal from the decision of the judge of probate, authorizing the commencing of a suit on his probate bond, under any circumstances or upon any state of facts. To this ruling the appellant, Charles Sherer, excepted.

The exceptions present only the legal proposition as stated in the ruling of the court; the facts upon which the appeal was based are not stated.

The material portion of the statute, R. S., c. 63, § 23, under which the right of appeal was claimed, is as follows:—

"Sect. 23. The supreme judicial court is the supreme court of probate, and has appellate jurisdiction in all matters determinable by the several judges of probate; and any person aggrieved by any order, sentence, decree, or denial of such judges, except the appointment of a special administrator, may appeal therefrom to the supreme court to be held within the county, etc."

The decree of the judge of probate authorizing the commencement of a suit on a probate bond is by virtue of the provisions of R. S., c. 72, § 16, which reads as follows, so far as material:

"Sect. 16. The judge of probate may expressly authorize any party interested, to commence a suit on a probate bond for the benefit of the estate, and such authority shall be alleged in the process."

*C. E. and A. S. Littlefield*, for administrator.

In *Wing* v. *Rowe*, 69 Maine, 282, the court holds that not only can the defendant, under such circumstances, recover no costs against the judge of probate, but that "there is no statute provision authorizing a judgment for costs against the person who originates the suit; and in the absence of such authority, the person originating the suit not being a party of record, the court has no power to render judgment against him for costs." By virtue, then, of the provisions of the statute, and the determination of the court in that case, it is clear that the reasons given by Judge BARROWS in the case of *Bulfinch, Admr.*, v. *Waldoboro*, 54 Maine, 150, why the administrator under such circumstances is not legally aggrieved,

fall absolutely to the ground; and inasmuch as the administrator, independent of his right of appeal, has no remedy whatever against a malicious, baseless, unjustifiable proceeding or suit thus commenced, by virtue of an authority thus obtained ex parte, the fact that he is legally aggrieved by such a decree is a necessary inference. If the administrator, under such circumstances, with the right of appeal, can successfully prosecute his appeal and establish the fact that the decree was unauthorized, he will avoid the expense of an unnecessary law suit. Any other construction of the statute submits an administrator to the whims and caprice, to be exercised practically without restraint, of all parties who can see that they may have an adverse interest in the estate which he is settling, and who may be inspired with a desire to vex, annoy and harrass him, as under the provisions of the statute and the decisions of the court such proceedings can be carried on ex parte without any embarrassment as to costs or expense of litigation that may be determined adversely to the parties thus promoting them.

*L. M. Staples*, for appellee.

SITTING: EMERY, HASKELL, WISWELL, STROUT, JJ. FOGLER, J., did not sit.

EMERY, J. The appellee cites the case *Bulfinch, Admr.*, v. *Waldoboro*, 54 Maine, 150, as conclusive authority against the claim of an administrator to appeal from a decree of the judge of probate allowing an action in the name of the judge upon the bond of the administrator. The appellant urges that the case cited was decided adversely to the administrator upon the ground that the administrator would be indemnified by the costs he would recover in case the action proved to be groundless. He further urges that this ground is untenable since, as he says, costs cannot be recovered by the defendant against the judge, or any one else, in such an action, and hence that the decision is erroneous and should not be followed.

It may not be amiss, therefore, to re-examine upon principle the question whether an administrator has a legal right to appeal from such a decree. Only persons "aggrieved" by a decree can

appeal therefrom, (R. S., ch. 63, § 23,) but it is now long and well settled that a person is not "aggrieved" in the statutory sense of that word unless he would be concluded by the decree from the assertion of some claim of personal or property right. The mere fact that a person is hurt in his feelings, wounded in his affections, or subjected to inconvenience, annoyance, discomfort or even expense by a decree, does not entitle him to appeal from it, as long as he is not thereby concluded from asserting or defending his claims of personal or property rights in any proper court. Thus a debtor of a deceased person cannot appeal from the appointment of a particular person as administrator, notwithstanding his argument that the person appointed would act oppressively toward him. *Swan* v. *Picquet,* 3 Pick. 443. A person claiming property under a gift to him causa mortis cannot appeal from a decree charging the administrator with the property and ordering its distribution among the next of kin, notwithstanding the argument that such decree would subject him to the annoyance and expense of a lawsuit. *Lewis* v. *Bolitho,* 6 Gray, 137. A creditor cannot appeal from a decree denying a petition for license to sell real estate for the payment of debts though such denial may compel him to incur the expense of an action and levy. *Newry* v. *Estey,* 13 Gray, 336. The stepmother of minor children, whose parents are both dead, cannot appeal from a decree appointing some other person as guardian, though such decree may deprive her of their custody and companionship. *Lawless* v. *Reagan,* 128 Mass. 592. Trustees of a fund bequeathed to a minor cannot appeal from a decree appointing a particular person as guardian for the minor however much they may prefer some one else, or even no guardian. *Deering* v. *Adams,* 34 Maine, 41. A sister to a person of unsound mind cannot appeal from a decree appointing some other person to be the guardian of her relative, unless at least she has an interest in the estate of her relative as heir. *Briard* v. *Goodale,* 86 Maine, 100.

Tested by the rule above stated and illustrated, the administrator in this case is not aggrieved by, and cannot appeal from, the decree allowing a suit upon his bond. He is not concluded by it from

asserting or defending any claim of personal or property right with respect to the estate, the heirs, legatees or creditors. It does not even conclude him from asking the court to allow him in his account the expenses of the suit. His appeal therefore was rightfully dismissed. The case of *Bulfinch, Admr.*, v. *Waldoboro* is affirmed.

*Exceptions overruled.*