HERBERT WHALEN ET AL., APPELLEES, V. JAMES B. KITCHEN ET AL., APPELLANTS.

FILED FEBRUARY 20, 1901.    No. 10,745.

Settlement of Decedent's Estate: REVIEW: APPEAL TO SUPREME COURT. Section 675 of the Code of Civil Procedure does not give the right to have reviewed by the supreme court on appeal the decisions made by a county court in the settlement of the estate of a person deceased, but such decision can be here reviewed by error proceeding only.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J.  *Appeal dismissed.*

*George E. Pritchett* and *J. C. Cowin,* for appellants.

*William D. Beckett* and *J. W. Woodrough, contra.*

NORVAL, C. J.

In 1890 Richard Kitchen died, leaving a will, by the terms of which, among other provisions, he gave to Herbert and Wallace Whalen the sum of $10,000 each, with the proviso that his executor might pay such legacies in stock of the Kitchen Brothers Hotel Company, but that the whole estate was to be settled within three years from the death of testator. The executor, James B. Kitchen, failed to pay these legacies within the period limited in the will for closing the estate, and after the expiration of such time filed in the county court his report, in which he asked leave of court to deposit stock with such court in payment of such legacies, and prayed for an approval of his accounts and his discharge as executor. The Whalen children, through their guardian *ad litem,* filed objections to this report and demanded that their legacies be paid in cash, with interest from the time they should have been paid. From the judgment of the county court in the premises, adverse to said legatees, they appealed to the district court, and there such proceedings were had that a judgment was duly entered

for the full amount of their legacies. From this judg-- ment of the district court said executor appeals to this court, and this hearing is on a motion to dismiss the appeal, on the ground that no provision is made by the law for the appeal of matters of this character, but that the proper mode for obtaining a review here is by proceeding in error only.

Section 675 of the Code of Civil Procedure provides: "That in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court to the supreme court of the state," etc. Prior to the enactment of this statute all judgments of the district court must be reviewed by petition in error, and since its enactment "actions in equity" may be reviewed either on appeal or by petition in error. It was ruled in the case of the *Nebraska Wesleyan University v. Craig's Estate*, 54 Nebr., 173, that an appeal will not lie to this court from an order of the district court allowing a claim against an estate, and the statute governing the procedure in cases of that nature is there examined and construed. That an appeal will not lie in analogous cases, see the authorities cited in *Nebraska Wesleyan University v. Craig's Estate, supra*, also *Iler v. Darnell*, 5 Nebr., 192; *Sheedy v. Sheedy*, 36 Nebr., 373. It is, however, contended that this proceeding is essentially of an equitable nature, and not legal, and for that reason appeal will lie as well as error. To this we can not assent. While it is true that in England, to a large extent, courts of equity had cognizance of the settlement and adjustment of estates, such is not the case in this country, but the powers of courts of equity in cases of that nature are not only restricted, but in a majority of the states wholly nullified. Pomeroy, Equity Jurisprudence, sec. 77. In said section it is well stated: "It is true that the statutory rules for the settlement of estates are largely based upon the principles which had been settled in equity, and that equitable doctrines are constantly enforced by the courts of probate; but it is no

less true that this important head of equity jurisdiction has been greatly restricted, or even practically abandoned, in all the states." If such jurisdiction has been abandoned in any of the states, it certainly has in Nebraska. Here all the proceedings looking to the settlement and adjustment of estates are specifically prescribed by statute, even to the mode and manner of seeking the advice of higher courts in matters in dispute between litigants in the courts of probate and adjustment. The statute which confers the right to have reviewed the decisions of the county court in matters of probate is not found in the Code of Civil Procedure, but in the statute relative to decedents, which confers jurisdiction over estates upon the county court. The whole procedure is statutory, and while many of its provisions are of an equitable nature, and equitable doctrines are frequently enforced by such courts, that fact does not make such proceedings "actions in equity," within the meaning of Section 675 of the Code. It will be observed, too, that section 238, chapter 23, Compiled Statutes, relating to decedents, which prescribes the power of district courts in case of appeals from the county court in matters of this nature, is as follows: "The district court shall proceed to a trial and determination of the case in like manner as upon appeals brought from the judgments of justices of the peace; and such court may direct an issue to be made up between the parties when it shall be deemed necessary; and questions of law may be carried to the supreme court, and costs may be allowed or denied in the discretion of the court." It would seem a needless restriction of the powers of this court, and also an unnecessary provision, if it was thereby contemplated that such questions of law were to be determined by appeal, as it would add nothing to the rights already possessed by litigants, since there existed the right to review by petition in error. It was said by this court in *Wilcox v. Saunders*, 4 Nebr., 572: "In 3rd Bouvier's Institutes, 70, it is said that an appeal, in a civil suit, is a proceeding

unknown to the common law. It is authorized by statute in a variety of cases and is regulated entirely by the provisions of the act; it cannot be extended beyond the plain and obvious import of the statute granting it." So in this case, it seems plain, that in order to hold that this proceeding is appealable, we must ignore the fact that courts of equity have been deprived of jurisdiction over matters of estates, if they ever had such jurisdiction, and hold that in its inception in the county court the proceeding was legal in its form and nature, but that as soon as it reached the district court it became "an action in equity." We do not think that any such transformation occurred, but are of the opinion that, although the procedure and some of the principles involved had their origin in courts of chancery, looking at them historically, yet, in this state, all such proceedings are wholly statutory and legal as contradistinguished from equity. It would seem clear that, taking into consideration the constitutional provisions relative to jurisdiction of county courts in probate matters, section 16, article 6, constitution, and sections 233, 244, chapter 23, Compiled Statutes, relative to decedents, as contrasted with the provisions of the Code relative to the right to appeal in suits in equity, section 675, Code of Civil Procedure, that there was no intention on the part of the legislature to confer upon parties to proceedings in the adjustment and settlement of estates the right to appeal, although frequently in such cases equitable principles must be resorted to to determine the rights and duties of the respective parties, but that it was intended that the decision in all such matters should be determined by the supreme court in error proceeding only.

The motion to dismiss the appeal is accordingly sustained.

APPEAL DISMISSED.