JULIUS POESSNECKER ET AL., APPELLANTS, V. FRED ENTEN-
MANN, JR., APPELLEE.

FILED APRIL 2, 1902.   No. 11,295.

Commissioner's opinion, Department No. 2.

Application for License to Sell Land: REVIEW. An application to a
district court by an executor or administrator for license to
sell real property is not an "action in equity" within the pur-
view of section 675, Code of Civil Procedure. Hence a final order
made in such a proceeding is reviewable only by petition in
error.

APPEAL from the district court for Stanton county.
Heard below before EVANS, J. *Dismissed.*

*John A. Ehrhardt,* for appellants.

*Thomas M. Franse,* contra.

POUND, C.

An appeal is prosecuted from an order of the district
court dismissing an application by two executors for li-
cense to sell real property. At the argument we suggested
a doubt whether an appeal would lie in such a proceeding,
and a further hearing has been had on that point upon
additional briefs. Section 675, Code of Civil Procedure,
provides that appeals may be brought to the supreme court
by "either party" in "all actions in equity." That section
is the sole authority for review in this court by appeal.
Does a proceeding such as the one at bar come within its
purview? We think not. In *Seward v. Clark,* 67 Ind.,
289, it was held that a petition to the court of common
pleas for an order to sell real estate to pay debts was not
a civil action from which an appeal would lie under gen-
eral provisions of the law as to appeals. In North Caro-
lina, under a statute providing that when the personal
estate of a decedent is insufficient to pay debts the execu-
tor or administrator may apply by petition to the superior

court of the county where lands of the estate are situated
for an order to sell such lands, it is held that such petition
is not an action, but a special proceeding. *Sinclair v. Mc-
Bryde,* 88 N. Car., 438; *Badger v. Jones,* 66 N. Car.,
305; *Pelletier v. Saunders,* 67 N. Car., 261. To the
same effect MAXWELL, J., in construing our own statute,
in *McClay v. Foxworthy,* 18 Nebr., 295, 298, said: "A pro-
ceeding under the statute to sell real estate of the deceased
for the payment of debts against the estate is not, strictly
speaking, an action. It is purely a proceeding *in rem,*
where the principal questions involved are, the amount
of debts outstanding against the estate, the amount of per-
sonal property available for the payment of the debts,
and the necessity to sell the land for which license is
sought for the payment of the same. The proceeding is
not adversary in its character in the sense in which the
term is used in an action, as only so much of the estate
descends to the heirs as exists after the payment of the
debts." The words "either party" in the section cited
clearly indicate an intention to refer to suits of an ad-
versary character, and such causes—those which were
maintainable by bill in equity prior to the Code, and not
special statutory proceedings more or less remotely anal-
ogous thereto—are "actions in equity" within its purview.
*Barger v. Cochran,* 15 Ohio St., 460. The only authority
we have been able to find indicating the contrary is *Elliot
v. Shuler,* 50 Fed. Rep., 454, in which it was held that an
application for license to sell lands was removable to the
federal court. But it is admitted in the opinion in that
case that the application was a special proceeding, and the
ground on which it was held removable was that "Con-
gress has conferred upon the United States courts juris-
diction to hear and determine all cases and controversies
of whatsoever nature that arise between citizens of differ-
ent states, and authorized parties entitled by law to apply
for the removal of such cases and controversies from the
state courts into the United States circuit courts." Hence
we do not think that decision applicable to the present

controversy. All judgments and final orders of the district court, whether made in actions, special proceedings, or otherwise, are reviewable by petition in error, under section 582, Code of Civil Procedure. That section, not section 675, should be resorted to in such proceedings as the one before us.

We recommend that the appeal be dismissed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the appeal is

DISMISSED.