EDNA E. MARTIN ET AL. V. BOND'S ESTATE.

FILED JUNE 4, 1902.   No. 11,736.

**Title to Realty:** ADMINISTRATOR: LICENSE TO SELL: PENDING LITIGA-
TION: ORDER OF DISTRICT COURT. Because litigation is pending
involving the title to one of several parcels of real estate for
which license is prayed by an administrator to sell for the pur-
pose of paying debts owing by the estate, that fact will not
render erroneous an order of the district court, otherwise
proper, granting a license to sell such real estate for the pur-
pose mentioned.

ERROR from the district court for Kearney county. Tried
below before ADAMS, J.  *Affirmed.*

*E. C. Dailey,* for plaintiffs in error.

*M. D. King,* contra.

HOLCOMB, J.

From an order of the district court granting a license
to sell real property for the purpose of paying the debts
against the estate of the decedent the plaintiffs in error,
as heirs at law and devisees of the decedent, and who ob-
jected to the granting of a license, prosecute proceedings
in error in this court.  It appears that the decedent died
possessed of different parcels of lands in Kearney county,
which he devised, subject to his debts, to different children,
and as to one of such parcels of land litigation resulted
as to the state of the title thereof.  The administrator with
the will annexed made application for a license to sell sev-
eral tracts belonging to the testator for the purpose of
paying debts owing by the estate.  The only objection to
which our attention is called to the order granting a
license is that because of the litigation mentioned with
respect to one of the different parcels of land.  It is urged
that, because of the litigation over the title, the land will
not sell for an adequate sum, and therefore the license to
sell should be withheld as to all the real estate included in

Martin v. Bond's Estate.

the application. The whole of the argument of counsel for plaintiff in error to support his assignment of error to the effect that "the court errèd in granting license to sell the real estate described in the petition under the pleadings filed," is contained in the following quotation from his brief: "We think the court erred in granting the license on the facts shown by the pleadings, and that the title to the one-quarter section that is now in litigation in the supreme court should be settled before petitioner should be allowed to sell the land, or any of it, for the payment of debts; and there is no good reason why the sale should take place before it has been determined just what real property belongs to said estate." The objection appears to be, in its nature, the interposition of a plea in abatement because of pending litigation affecting the title to some of the lands for authority to sell which a license is prayed. We do not think the plea or objection is good, whether the litigation referred to be with respect to the whole or a part only of the real estate involved in the application for a license to sell the same. There are, perhaps, circumstances which would make it wise and expedient to postpone issuance of a license to sell real estate involved in litigation, and such may be true in the present case, but we can not say from the record before us that error in granting the license affirmatively appears; or that, as a matter of law, the pending litigation involving the title to a part of the real estate to sell which a license is prayed renders erroneous an order of the district court directing the sale of such real estate for the payment of debts due from the estate to which it belongs.

The order complained of is, for the reason stated,

AFFIRMED.

NOTE.—*Another Suit Pending.*—It is an ancient rule of the common law that *nemo debet bis vexari pro una et eadem causa*—No man ought to be vexed twice for one and the same cause. *Diamond State Iron Co. v. Rorig,* 93 Va., 595, 603.—REPORTER.