IN RE ESTATE OF JOHN BROEHL.[*]

CHARLES BROEHL, ADMINISTRATOR, APPELLEE, V. SOPHIA BROEHL, APPELLANT.

FILED FEBRUARY 11, 1913. No. 17,954.

Appeal: FINAL ORDER. An order granting or refusing a license to sell real estate to pay the debts of a deceased person is a final order reviewable on appeal. *Miller v. Hanna,* 89 Neb. 224, distinguished.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. *Motion to dismiss overruled.*

*France & France* and *Morning & Ledwith,* for appellant.

*Power & Meeker, contra.*

LETTON, J.

A motion to dismiss the appeal has been made by the administrator, based upon the contention that the order refusing to set apart to the widow a part of the premises as the family homestead and granting a license to him to

---

[*] April 7, 1913. Appeal dismissed on motion of appellant.

sell real estate to pay debts of the deceased is not a final order, and that it is not reviewable until after confirmation of a sale based upon such order has been made. In this state orders granting· or refusing such licenses have always been considered as final orders, reviewable by proceedings in error until the change in appellate practice, and by appeal since that time. *Waldow v. Beemer,* 45 Neb. 626; *Poessnecker v. Entenmann,* 64 Neb. 409; *Martin v. Bond's Estate,* 64 Neb. 868; *Bixby v. Jewell,* 72 Neb. 755. This is the general rule in other states. 2 Woerner, American Law of Administration (2d ed.) sec. 473, p. *1049.

Section 581 of the code provides, among other things, that "an order affecting a substantial right made in a special proceeding * * * is a final order which may be vacated, modified, or reversed, as provided in this title." Section 582 provides for a review in the supreme court of judgments and final orders. We have frequently held that this is a "special proceeding." The judgment in this case denied the prayer of the widow to set apart a part of the real estate of her deceased husband as the family homestead, and refused to order the sale of the premises in parcels as she prayed. There can be no doubt that the right of the widow and children to have the extent of the homestead determined and to have it set apart before the sale, or to have the land sold in parcels or in such a manner as best to preserve the homestead interest, or to show that the amount of money needed to pay debts is less than alleged are substantial rights. An adverse decision and order based thereon is a final order reviewable upon appeal.

The administrator bases his contention upon the authority of *Miller v. Hanna,* 89 Neb. 224. In that case a husband who was administrator of the estate of his deceased wife procured a license to sell a portion of the real estate, "subject to the life estate of the surviving husband." The heir of the wife, who had no notice of the proceedings until after the order was made, filed objections to the

confirmation, which were overruled, and from the order confirming the sale he appealed. The court held that the estate which the husband took at the death of the wife was liable for her debts, and that "it follows that the judge of the district court *had no power to make the order* complained of, because the effect of that order was to deprive the remainderman of all interest in the estate and declare that the life estate of the husband was not subject to the payment of the debts of his deceased wife." It was also held that, in line with former holdings, an application for a license to sell real estate to pay debts of a deceased person is "a special proceeding." In that case it will be seen that the judge of the district court had no power under the statute to authorize a sale of that which he ordered sold. This lack of power extended throughout the proceedings, and, like any other lack of jurisdiction, the question might be raised at any time. *Miller v. Hanna,* therefore, is not in conflict with previous decisions to the effect that an order granting or refusing a license is reviewable. The motion to dismiss is overruled. *Poessnecker v. Entenmann, supra.*

MOTION TO DISMISS OVERRULED.