59 N.W.2d 614 (1953)
157 Neb. 467
In re BINGAMAN'S ESTATE.
REHN
v.
BINGAMAN.
No. 33238.
Supreme Court of Nebraska.
July 24, 1953.
*615 Cranny & Moore, Omaha, for appellant.
E. Melvin Kennedy, Emmet L. Murphy and G. H. Seig, Omaha, for appellees.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.
MESSMORE, Justice.
Eric H. Rehn filed a claim for unliquidated damages in the proceedings for the administration of the estate of Alvin A. Bingaman, deceased, in the county court of Douglas County. The damages claimed were alleged to have resulted from negligence of Alvin A. Bingaman in his lifetime and by virtue of which the claimant received personal injuries. The county court, upon hearing the claim, the answer and objections made thereto by the estate, disallowed the claim. The claimant appealed to the district court. His petition on appeal alleged the death of Alvin A. Bingaman on November 7, 1946; the appointment of Arthur Bingaman as administrator of the estate of Alvin A. Bingaman, deceased, and his qualifying as such; that Alvin A. Bingaman, for convenience hereafter referred to as Bingaman, owned a truck upon which was mounted a boom equipped with cables and appropriate fittings for its use and which was operated by power-driven machinery; that on November 7, 1946, pursuant to an oral agreement with John P. Mainelli to unload various items of material, particularly a large iron vat lid at the premises of the Falstaff Brewery, Bingaman came to the premises involved and proceeded with the performance of the services contemplated by the oral agreement; that the lid to the mash tub was hoisted by cables attached to the boom from the railroad car and the truck with Bingaman controlling and operating it moved to a point in front of the brewery; that after reaching this point Bingaman manipulated the controls in such manner as to cause the boom to come in contact with over-head high voltage electric transmission wires which were suspended and carried on poles in front of the brewery; that as a result thereof, electric energy *616 passed through the boom, the cables, and the lid; that Eric H. Rehn, who was assisting in the operation and was then in contact with the lid, was severely and permanently injured; that he was an employee of Mainelli and at the time of the accident was working in the due course of his employment aiding and assisting in the transfer of the lid from the railroad car to the brewery; and that Bingaman operated the boom and cables negligently and his negligence was the cause of the injuries and damage to the appellee Rehn.
The negligence charged against Bingaman was that he improperly and negligently parked the truck with the boom extending along the power line and nearer thereto than was reasonably safe for the movement of the boom by the mechanism provided for that purpose or to accomplish the work intended and that at that time Bingaman had exclusive control and operation of the mechanism and the boom; that he did negligently cause the boom to come in contact with the power line; and that he negligently failed to warn the appellee before he, Bingaman, moved or caused to be moved the boom, instead of limiting the operation to the movement of the cables only, as careful and proper operation required.
The estate's answer denied generally the charges of negligence as alleged in the petition, and denied that Bingaman had or was delegated the duty of warning the appellee of anything at the place of the accident involved in this case. Many other defenses are pleaded by the appellant such as the lack of due care and assumption of risk which are not necessary to detail at this time.
John P. Mainelli was named a defendant in the district court solely for the purpose of protecting any right he had, as the employer of Rehn, of subrogation by the terms of the Workmen's Compensation Act.
Counsel for the administrator of the estate filed a motion for a summary judgment in the district court on the grounds that the pleadings and affidavit thereto, the opinion by the Supreme Court of Nebraska in the case of Peterson v. Estate of Bingaman, 155 Neb. 24, 50 N.W.2d 523, the bill of exceptions in such cited case, it being a companion case to the instant case, and the deposition of Walter Hodder show that the administrator of the estate is entitled to a judgment as a matter of law. The motion for summary judgment was overruled. There was also filed by the estate a motion for a new trial which was denied. The administrator of the estate appealed from the order overruling the motion for a summary judgment.
In considering a motion for a summary judgment by the trial court, it is guided by the following pertinent authorities:
The summary judgment law is contained in sections 25-1330 through 25-1336, R.S.Supp., 1951.
The object of a motion for summary judgment is to separate the formal from the substantial issues raised by the pleadings. See, Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., p. 153; Sprague v. Vogt, 8 Cir., 150 F.2d 795.
In considering a motion for a summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom. See, Illian v. McManaman, 156 Neb. 12, 54 N.W.2d 244; Dennis v. Berens, 156 Neb. 41, 54 N.W.2d 259; Ramsouer v. Midland Valley R. R. Co., 8 Cir., 135 F.2d 101; Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881; Mecham v. Colby, 156 Neb. 386, 56 N.W.2d 299.
The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented in the case, but to discover if any real issue of facts exists. See, Dennis v. Berens, supra; Sprague v. Vogt, supra. In other words, the court can merely determine than an issue of fact does or does not exist. If such an issue does exist, the summary judgment act has no application; if such issue does not exist, a motion for a summary judgment affords a proper remedy. The evidence offered in support *617 of the motion is for the purpose of showing that no issue of fact exists, not to try issues on pleadings, depositions, admissions, and affidavits which constitute only a part of the evidence available on a trial on the merits. The burden is upon the moving party to show that no issue of fact exists, and unless he can conclusively do so the motion for summary judgment must be overruled. See, Illian v. McManaman, supra; Dennis v. Berens, supra; Mecham v. Colby, supra, and cases cited therein.
The action of the trial court in overruling the motion for summary judgment indicates it was not convinced by the record of the case as it existed at the time the court passed on the motion that there was no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law. Section 25-1332, R.S.Supp., 1951; Dennis v. Berens, supra; Illian v. McManaman, supra; Mecham v. Colby, supra.
The overruling of the motion did not decide any issue of fact or proposition of law affecting the subject matter of the litigation. All or any defenses of the estate remained just as before the denial of the motion for summary judgment, the case being retained for trial in the district court as any other civil action on appeal from the county court. See, section 30-1606, R.S. Supp., 1951; section 25-1104, R.R.S.1943.
An application for a summary judgment is a step in the proceedings of the case, that is, it is procedural in fact. It may be said that the effect of the order overruling the motion for summary judgment, as in the instant case, is no different than one denying judgment on the pleadings.
The appellant sets forth several assignments of error, the principal one being that the trial court erred in overruling the appellant's motion for a summary judgment and in refusing to enter a summary judgment in favor of the estate of Alvin A. Bingaman, deceased.
The appellee contends that the court is not vested with and lacks jurisdiction of the appeal for the reason that the order overruling the motion of appellant for summary judgment is not a final order and is not a proper subject of appeal in this court.
The answer to this assignment of error depends upon whether or not the order overruling the motion for a summary judgment is a final and appealable order within the meaning of section 25-1902, R.R.S. 1943, which provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a `final order' which may be vacated, modified or reversed, as provided in this chapter."
It is obvious that the overruling of the motion in question did not determine the action, nor did such ruling prevent a judgment. Did it affect a substantial right?
This court has defined a substantial right as follows: A substantial right is an essential legal right, not a mere technical one. See, Egan v. Bunner, 155 Neb. 611, 52 N.W.2d 820; Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N.W.2d 116.
The substantial right contended for by the appellant that is affected by the trial court's ruling is that it subjected the estate to a long and expensive trial.
The mere fact that a person is subjected to inconvenience, annoyance, discomfort, or even expense, by a decree does not entitle him to appeal from it, as long as he is not thereby concluded from asserting or defending his claims of personal or property rights in any proper court. See, Sherer v. Sherer, 93 Me. 210, 44 A. 899, 74 Am.St.Rep. 339; Fisher v. Sun Underwriters Ins. Co., 55 R.I. 175, 179 A. 702, 103 A.L.R. 1097; 2 Am.Jur., Appeal and Error, § 152, p. 943.
Certainly the appellant is not deprived of any essential legal right it may have.
The law, as we understand it, is that an order is final for the purposes of an appeal when it determines the rights of the parties; and no further questions can *618 arise before the court rendering it except such as are necessary to be determined in carrying it into effect. See, Clarke v. Nebraska Nat. Bank, 49 Neb. 800, 69 N.W. 104; Anson v. Kruse, 147 Neb. 989, 25 N.W.2d 896.
From an analysis of section 25-1902, R.R.S.1943, the overruling of the motion for a summary judgment as applied in this case is not a final, appealable order within the meaning of such section of the statutes. Having so concluded, the other assignments of error set forth by the appellant are without merit and need not be determined.
For the reasons given in this opinion, the appeal should be, and is hereby, dismissed.
Appeal dismissed.
BOSLAUGH, Justice (concurring).
I agree that the order overruling the motion of appellant for summary judgment was not an appealable order and that this appeal was properly dismissed. I protest the reasons given for the decision.
The basis of the decision I respectfully suggest should have been that the order sought to be reviewed by this appeal was one made in a special proceeding but it was not "an order affecting a substantial right." The majority opinion states that the denial of a motion for a summary judgment did not determine the action, did not prevent a judgment, or affect a substantial right. This is followed by the assertion that an order is final for purposes of appeal when it determines the rights of the parties and no further questions can arise before the court rendering it except those incident to the enforcement of the adjudication. This is all immaterial and foreign to this proceeding except the conclusion that the denial of the motion did not affect a substantial right.
The statute directly applicable and controlling is: "* * * an order affecting a substantial right made in a special proceeding * * * is a `final order' which may be vacated, modified or reversed, as provided in this chapter." Section 25-1902, R.R. S.1943. The majority have elected to disregard it. There is no discussion of or application made of it. There is no reason that condemns its applicability.
The order involved here was entered in and was a part of proceedings for the administration of the estate of a deceased person in reference to a claim presented originally in the county court and brought to the district court by an appeal from an order of the court of original jurisdiction denying the claim. The jurisdiction of the district court was derivative.
Any claim for a liability of a deceased existing at the time of his death is a part of the administration proceedings of his estate. It can only be pursued originally in a judicial manner in the county court having jurisdiction of it. Section 30-601, et seq., R.R.S.1943; Rehn v. Bingaman, 151 Neb. 196, 36 N.W.2d 856. That case concerned the identical liability alleged and sought to be recovered by the proceeding exhibited by the record on this appeal, and it was said in the opinion in that case that clearly the action of plaintiff (appellee here) was within the prohibition of the statute (section 30-801, R.R.S.1943) prohibiting the commencement of an "action" against an executor or administrator for the recovery of money only. That was an attempted civil action brought in the district court on the very claim that appellee is now presenting. It was true then that there could be no civil action on the claimed liability of the estate and it is equally plain and conclusive now that this proceeding is not and cannot be a civil action within the meaning of the code. Notwithstanding this clear announcement that a proceeding on a claim against the estate of a deceased person is not and cannot be an action, the opinion asserts that the order here in question did not determine the "action." It is obvious that it did not because there was no action to be determined. The litigation presented by the record was not and could not be, on the authority of the statute and the prior decision of this court, an action.
The procedure for adjustment of a claim against the estate of a deceased has none of the characteristics of a civil action. There is no provision for the filing in the probate court of pleadings or the formation of issues *619 in case the claim is disputed and resisted. There is no authority for a petition and the issuance and service of summons, the only method for the commencement of a civil action defined and prescribed by the code. A claimant is only required to "present" his claim. Section 30-603, R.R.S. 1943. In Fitch v. Martin, 83 Neb. 124, 119 N.W. 25, 26, this court said: "Claims against the estates of decedents in Nebraska are to be examined and adjusted either by the county judge or a commission of two or more persons appointed by the court for that purpose. The statute relative to the settlement of estates is silent concerning the filing of pleadings or the formation of issues in case a claim is resisted. * * * The legislature did not contemplate that pleadings should be filed in the county court, nor that on appeal the representative of the estate should be held strictly to the theory upon which he made his defense in the county court." See, also, In re Estate of Nilson, 126 Neb. 541, 253 N.W. 675. The proceeding does not terminate, if the claim is allowed, in a judgment for money. The allowance of a claim presented in the probate court against the estate is in the nature of an audited and adjudged demand which is a lien on the assets of the estate in the hands of the administrator. An execution for its collection may not be permitted. Sharp v. Citizens' Bank of Stanton, 70 Neb. 758, 98 N.W. 50.
In Estate of Beyer, 185 Wis. 23, 200 N. W. 772, 774, it is stated: "The county court is a court of record, but the filing of a claim is not the commencement of a civil action, and therefore the provisions of St.1921, c. 121, relating to pleadings in courts of record, are not applicable to the filing and presentation of claims against the estates of deceased persons. As has been held by the Supreme Court of the state of Illinois, the proceedings in the county court for the trial and determination of disputed claims are usually summary, and they are neither actions at law nor suits in equity, but distinctively statutory and sui generis." It is in that case asserted that this is the rule in all jurisdictions where the question has arisen with two exceptions, where a different rule has been established by statute. See, also, Estate of Smith, 218 Wis. 640, 261 N.W. 730, 100 A.L.R. 238; Grier v. Cable, 159 Ill. 29, 42 N.E. 395; In re Estate of Stahl, 305 Ill.App. 517, 27 N.E.2d 662; 34 C.J.S., Executors and Administrators, § 447, p. 272.
If it is thought that this places the claimant in a different position in the prosecution of his claim than he would occupy if the tortfeasor were alive, it may appropriately be suggested that this is not an unusual experience in the law and that it is true in reference to all claimants of a liability of the deceased existing at the time of his death. If Bingaman had not died appellee could have filed a petition in the district court, had a summons served, and proceeded in the civil action to judgment. He would not have been compelled to have presented a claim in the estate of Bingaman in the county court, to have had a contest there, and to have appealed from an unfavorable result to the district court. If this is illogical, it is nevertheless the requirement of the law. The law provides the difference in these respects because Bingaman died. There is a difference in these respects to the claimant because of the death of the deceased not only as to the procedure in presenting his claim but also in the matter of an appealable order in this proceeding. This is recognized in Nebraska Wesleyan University v. Craig's Estate, 54 Neb. 173, 74 N.W. 605, 606, by this language: "The claim originated, as we have before indicated, in a promise; it was purely contractual, and its nonperformance would ordinarily but have given rise to an action at law for its enforcement. The death of the promisor cast upon the promise its nature of a claim against his estate or afforded a new or different channel through which a compliance with its terms and conditions might be sought."
The statute does provide that on appeal from a final order of the probate court the district court shall "hear, try, and determine" it in the same manner as upon an appeal brought upon a judgment of the county court in a civil action. Section 30-1606, R.S.Supp., 1951. This applies and extends only by its clear and precise terms to the manner or procedure of the trial in *620 the district court. It obviously has no relation to or effect upon what is or is not an appealable order within the statutory provisions on that subject. It is equally clear that it was not intended to and does not have the effect of changing a purely statutory proceeding into a civil action as defined and prescribed by the code. In a similar instance, concerning a claim against an estate, the court of Illinois in the case of Grier v. Cable, supra [159 Ill. 29, 42 N.E. 397], said: "In all of its essential features this proceeding is distinctively statutory. The mere fact that when a claim is contested, so as to necessitate a trial, the trial is to be conducted in the same way in which suits at law are tried, cannot of itself have the effect of converting a purely statutory proceeding into a suit or proceeding at law." See, also, Whalen v. Kitchen, 61 Neb. 329, 85 N.W. 278.
Obviously the conclusion is correct that the procedure for handling, and if necessary litigating a claim against an estate, is distinctively statutory and sui generis. It is wholly foreign to the action provided by the code and it not being an action it is a special proceeding within the doctrine of this and other courts. A proceeding for the probate of a will or for the administration of the estate of a deceased person is distinctively and precisely a special proceeding. It never is anything but that. Egan v. Bunner, 155 Neb. 611, 52 N.W.2d 820; Missionary Society of M. E. Church v. Ely, 56 Ohio St. 405, 47 N.E. 537; In re Estate of Joseph, 118 Cal. 660, 50 P. 768; In re Estate of Raymond, 38 Cal.App.2d 305, 100 P.2d 1085; Caesar v. Burgess, 10 Cir., 103 F.2d 503.
A distinction is made by the statute between an order "in an action" and an order "in a special proceeding". In the former an order is a final one only when it determines the action and prevents a judgment, while in the latter the only essential to constitute an order a final one is that it is one affecting a substantial right.
The Code of Civil Procedure adopted in 1867 substituted one form of action for all the forms employed in numerous kinds of actions at law and suits in equity by the provisions that: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished; and in their place there shall be hereafter but one form of action, which shall be called a `civil action.'" Constitution of 1866, Schedule, § 1, p. 73; Vol. 2, R.R.S.1943, pp. 10-14; Section 25-101, R.R.S.1943. It further required that: "A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." Section 25-501, R.R.S.1943. The code does not define an action or a special proceeding nor does it specify that a remedy or proceeding which is not an action is a special proceeding. The legislation of many states contain such a definition. 2 Thompson's Laws of New York, Civil Practice Act, §§ 4, 5, p. 1620; State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S.W.2d 332; Waring v. Town of South Sioux Falls, 72 S.D. 215, 31 N.W.2d 766; Dow v. Lillie, 26 N.D. 512, 144 N.W. 1082, L.R.A.1915D, 754; Deuster v. Zillmer, 119 Wis. 402, 97 N.W. 31; In re Estate of Joseph, supra; Nelson v. Steele, 12 Idaho 762, 88 P. 95.
The code does not contain a definition of an action or a special proceeding but it does declare that there is but one form of action to be called a civil action, and the procedure for commencing and pursuing it to a final conclusion is prescribed. The civil action of the code includes all such proceedings as prior to its enactment were regarded as actions at law and suits in equity, and any such action since recognized and authorized by statute. Rhoads v. Columbia Fire Underwriters Agency, 128 Neb. 710, 260 N.W. 174.
Any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the code and ending in a final judgment is an action. Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding. A special proceeding within the meaning of the statute defining a final order must be one that is not an action and is not and cannot be legally *621 a step in an action as a part of it. None of the many steps or proceedings necessary or permitted to be taken in an action to commence it, to join issues in it, and conduct it to a final hearing and judgment can be a special proceeding within the terms of the statute. A special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action are madeas for instance garnishment or attachmentbut it is not an integral part of or a step in the action or as it is sometimes referred to in such a situation a part of the "main case." The distinction between an action and a special proceeding has been clearly recognized by this court. In Turpin v. Coates, 12 Neb. 321, 11 N.W. 300, 301, it is said: "A special proceeding may be said to include every special statutory remedy which is not in itself an action." See, also, Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N.W.2d 116; O'Brien v. O'Brien, 19 Neb. 584, 27 N.W. 640; In re Estate of Broehl, 93 Neb. 166, 139 N.W. 1020; Levin v. Muser, 107 Neb. 230, 185 N.W. 431; Egan v. Bunner, supra.
Likewise the courts of other jurisdictions have discussed and noted the distinction between an action and a special proceeding. The language of the code that "an order affecting a substantial right made in a special proceeding * * * is a `final order'" is a copy of an identical provision of the code of Ohio which was discussed in Missionary Society of M. E. Church v. Ely, supra [56 Ohio St. 405, 47 N.E. 538], in this manner: "As to the first inquiry [was it a special proceeding], it seems to us there can be but little difficulty. Our Code does not, as does the Code of New York, specify that every remedy which is not an action is a special proceeding, nor do our statutes give any definition of an action or a special proceeding. But we suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding. * * * The law having conferred the right [to propound a will for probate], and authorized an application to a court of justice to enforce it, the proceeding upon such application is of a judicial nature, and, not being an action within the sense of the Code, it follows that it belongs to that class known as special proceedings." See, also, Webb v. Stasel, 80 Ohio St. 122, 88 N.E. 143; Harryman v. Bowlin, 153 Okl. 202, 4 P.2d 1011; In re Central Irrigation Dist., 117 Cal. 382, 49 P. 354; Anderson v. Englehart, 18 Wyo. 196, 105 P. 571, Ann.Cas.1912C, 894; Deppe v. Ford, 89 Minn. 253, 94 N.W. 679.
That an order is made in a special proceeding is not enough to make it a final order. It, to be final, must affect a substantial right of the appellant. It has been determined that a substantial right is an essential one as distinguished from a technical one. Egan v. Bunner, supra.
The disposition of the motion in this case did not decide any issue of fact or any matter of law affecting the subject matter of the litigation. It only signifies that the court was not convinced by the record of the case that there was "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Section 25-1332, R.S.Supp.,1951. Any defense to the claim available to appellant before the denial of the motion for judgment remains undiminished. There are many adequate and unimpaired opportunities for appellant to test the validity and sufficiency of the claim of appellee as the litigation proceeds. The order of the trial court here involved required no payment or contribution, appropriated no property, prejudiced no interest, destroyed no defense, and imposed no burden or obligation. An order in a special proceeding which does not affect the subject matter thereof or which will not deprive the complaining party of any legal right if an appeal is delayed until after final judgment *622 in the litigation does not affect a substantial right within the meaning of the statute defining a final order. 4 C.J.S., Appeal and Error, § 100, p. 195; Grinwald v. Mayer, 207 Wis. 416, 241 N.W. 375; Sherer v. Sherer, 93 Me. 210, 44 A. 899; 74 Am.St.Rep. 339; Cole v. Farmers Bank & Trust Co., 221 N.C. 249, 20 S.E.2d 54; Dorman v. Credit Reference & Reporting Co., 213 Iowa 1016, 241 N.W. 436; State ex rel. Reirdon v. County Court of Marshall County, 183 Okl. 274, 81 P.2d 488; Missionary Society of M. E. Church v. Ely, supra.
This appeal should have been dismissed on the basis that the order involved was made by the district court in a special proceeding and it did not affect a substantial right of the appellant within the meaning of the statutory provision quoted herein.