[No. 7,046.—Department Two.]

## ESTATE OF J. W. HARDWICK.

ORDER SETTING APART HOMESTEAD—ERROR.—After the Probate Court has set apart a homestead for the use and benefit of the surviving wife and children of the testator, it ceases to have any control over the property set apart.

*Held*, accordingly, that an order of the Court in relation to a homestead after it is set apart, though it could not in any way affect the rights of the surviving widow, might, possibly, operate to her prejudice by raising a doubt as to her title, and was therefore erroneous.

APPEAL from an order of distribution in the Probate Court of San Benito County. HARRIS, J.

*Burt & Pfister*, for Appellant.

*Brotherton & McCloskey*, for Respondent.

The COURT:

After the Probate Court had set apart a homestead for the use and benefit of the surviving wife and children of the testator said Court ceased to have any control over the property so set apart. By being so set apart the property constituting said homestead was excluded from the jurisdiction of said Court, and it was, therefore, improper for the Court to

make any further order in relation to it, and the following clause in the decree of distribution should have been omitted, viz.:

"This decree does not affect any right, title, or interest of any of the heirs, devisees, or legatees of the deceased in or to the homestead or remainder of said homestead set apart by this Court to the surviving widow, as will appear by the papers on file herein."

That clause could not in any way affect the rights of the surviving widow, but it might, as claimed by her counsel, possibly operate to her prejudice by raising a doubt as to the nature of her right in said homestead. We therefore think that said clause should be stricken out of said decree and it is so ordered. In all other respects said decree is affirmed. By stipulation of the parties it is further ordered that the remittitur herein issue forthwith.