McClay v. Foxworthy.

SAMUEL McCLAY, PLAINTIFF IN ERROR, V. CHARLES H. FOXWORTHY, DEFENDANT IN ERROR.

1. **Administration of Estates**: SALE BY ADMINISTRATOR: BOND. An administrator who has not previously given a sufficient bond, upon obtaining a license for the sale of real estate must execute a bond to the judge of the district court, with sufficient sureties, to account for all the proceeds of the sale, etc.

2. ———: ———: PRACTICE. When such bond was not given before the sale, *Held*, That the administrator be required to execute a bond with sufficient sureties in double the amount of money to be derived from the sale, within twenty days, or in case of default that the sale be set aside.

3. ———: ———: GUARDIAN AD LITEM NOT NECESSARY. The failure to appoint a guardian *ad litem* for minor heirs of an estate will not affect the validity of a sale of real estate by an administrator for the payment of debts of the estate.

ERROR to the district court for Lancaster county. Heard below before POUND, J.

*Charles L. Hall*, for plaintiff in error.

*Foxworthy & Son*, for defendant in error.

MAXWELL, J.

In February, 1885, the defendant in error filed a petition in the district court of Lancaster county, wherein he alleges that on the 6th day of September, 1884, he was duly appointed administrator of the estate of Warren B. Dunlap, deceased, in Lancaster county, in this state, and that he is now duly and legally qualified as such administrator; that on the 8th day of April, 1883, Warren B. Dunlap died intestate in Lancaster county, in this state, "leaving surviving him as heirs of his estate, Mary E. Dunlap, his widow, and three children, as follows: Mabel Dunlap, aged 5

years; Iris Dunlap, aged 4 years; and Maude Dunlap, aged 1 year;" that the "deceased died seized in fee of the following real estate, to-wit: The north half of the southeast quarter of section five (5), township nine (9), range seven (7) east, containing eighty acres, in Lancaster county, Nebraska, and of the value of about $3,000, and also a house and lot in Adams county, Illinois, of the value of about $400; also two notes and a mortgage in Adams county, Illinois, worth $500, and personal property of the value of about $459.10, making the total value of the real and personal estate at the time of his death, about the sum of $4,359.10;" that "said deceased at the time of his death was indebted as follows: To E. T. Hartley, as deferred payment on the eighty acres of land herein described, $1,700, $600 of which was due March 27th, 1884, and $1,100, which will be due March 27th, 1885; also other debts in the aggregate about the sum of $966." There are other allegations as to the insufficiency of the personal assets to pay the debts, and the necessity for selling the land in question, which need not be noticed. The judge of the district court made an order that Mary B. Dunlap, the widow, and Mabel Dunlap, Iris Dunlap, Maude Dunlap, and all other persons interested in said estate, appear before him at a time and place stated, and show cause why a license to sell said real estate should not be issued. This order was duly published and proof of the publication filed, and at the time set for the hearing a license was duly issued under which the defendant in error sold the land to the plaintiff for the sum of $3,200, the amount due on the incumbrance being the sum of $1,861.50. The plaintiff thereupon filed objections to the confirmation of the sale, as follows:

" *First.* That the administrator has not given the bond to the judge of this court required to be given by section 75, chapter 23, entitled ' Decedents,' etc.

" *Second.* That no guardian *ad litem* has been appointed

in this case for the minor heirs of Walter B. Dunlap, deceased," etc.

The objections were overruled, and the sale confirmed.

Sec. 75 of the statute relating to decedents is as follows: " When the executor or administrator is authorized to sell more than is necessary for the payment of debts, he shall, before the sale, give bond to the judge of the district court, with sufficient sureties, to account for all the proceeds of the sale that shall remain after the payment of the debts and charges, and to dispose of the same according to law; and in all cases where license is granted for the sale of real estate the judge of the district court may require a further bond from the executor or administrator, when he shall deem it necessary." Comp. Stat., Ch. 23.

Sec. 119 provides that, "In case of any action relating to any estate sold by an executor, administrator, or guardian, in which an heir, or person claiming under him, shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings, provided it shall appear —*First*. That the executor, administrator, or guardian was licensed to make the sale by the district court having jurisdiction; *Second*. That he gave a bond, which was approved by the judge of the district court, in case a bond was required upon granting license; *Third*. That he took the oath prescribed in this subdivision; *Fourth*. That he gave the notice of the time and place of the sale, as in this subdivision prescribed; and *Fifth*. That the premises were sold accordingly, and the sale confirmed by the court, and that they were held by one who purchased them in good faith."

The testimony tends to show that the widow and minor heirs are residents of Illinois; that an administrator was appointed in that state; that the sum of $800 of the personal property was awarded to the widow, presumably under the statute of Illinois, but that fact is not made to appear. It is proved, however, that $800 was set apart for

her use, and that the remainder is entirely inadequate to pay the debts and costs of administration. This being the case, the necessity for a sale of the land in question is clearly established. The record, however, fails to show that Foxworthy has given a bond as administrator of said estate. It is admitted by implication that he has not. The bond of the administrator in Illinois is no security for the funds that may come into the hands of Foxworthy by virtue of this sale. Courts and judges should in all cases require adequate security for the funds derived from a sale of the property of a decedent, in order that such funds may be properly accounted for; and no license for the sale of real estate should be issued except upon condition that abundant security be given. The court therefore erred in not requiring Foxworthy to give a bond with sufficient sureties conditioned as required by statute.

*Second.* The failure to appoint a guardian *ad litem* for the minor heirs of said estate is not available as an objection. A proceeding under the statute to sell real estate of the deceased for the payment of debts against the estate is not, strictly speaking, an action. It is purely a proceeding *in rem*, where the principal questions involved are, the amount of debts outstanding against the estate, the amount of personal property available for the payment of the debts, and the necessity to sell the land for which license is sought for the payment of the same. The proceeding is not adversary in its character in the sense in which the term is used in an action, as only so much of the estate descends to the heirs as exists after the payment of the debts. The notice is to be given to the heirs and all persons interested in the estate. If the reasons assigned by the petitioner to obtain a license are unfounded, or insufficient, or untrue, it is presumed that some one interested in the estate will make these facts appear, or that the judge will refuse to grant the necessary authority. No guardian *ad litem*, however, is necessary.

In this case the land in question seems to have been sold for its full value, and the purchaser is entitled to protection. The defendant has leave within twenty days to file a bond in double the amount of money that will come into his hands, with sureties to be approved by the judge of the district court, and conditioned as required by law to account for the funds derived from said sale; and upon condition that such bond is given and approved within the time stated the sale is confirmed; otherwise the order confirming the sale will be reversed and the sale set aside.

JUDGMENT ACCORDINGLY.

THE other judges concur.