[S. F. No. 2978.  In Bank.—May 27, 1903.]

In the Matter of the Estate of BERNARD ERNST TITTEL, Deceased.  JOSIE TITTEL, Appellant, v. JOSEPH C. TITTEL, Executor, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—HOMESTEAD—SEPARATE ESTATE—FAMILY ALLOWANCE—CHARGE UPON REMAINDER.—Where a homestead was set apart to the widow out of the separate estate of her deceased husband during widowhood, the interest of his heirs in remainder is liable for debts against his estate, and may be ordered sold to pay a family allowance made in favor of the widow, which is a charge against the estate.

ID.—CONSTRUCTION OF CODE—DISTRIBUTION.—Section 1468 of the Civil Code, providing that the title to a homestead set apart out of the separate property of the deceased husband shall vest in his heirs to the exclusion of devisees named in the will, is not designed to effect a statutory distribution of the estate to the exclusion of the claims of creditors.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition for the sale of real estate of a deceased person.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, for Appellant.

Sheldon G. Kellogg, for Respondents.

HENSHAW, J.—Out of the separate estate of Bernard Ernst Tittel, deceased, was set apart a homestead to the widow during her widowhood, under section 1465 of the Code of Civil Procedure. During the administration an order of family allowance was made in favor of the widow, in the sum of eighty dollars per month. This family allowance remained unpaid until it aggregated $3,370. It is still an unpaid charge against the estate. At the same time, the only property out of which this charge can be met is the estate in remainder of the heirs in the land so set apart as a homestead. The widow, therefore, petitioned that a sale of this remainder should be made, and the proceeds of the sale applied toward the liquidation of the indebtedness of the estate to her. This application was opposed, and the court denied the petition. The widow takes this appeal. The single question thus presented is, Did the order setting apart as a homestead a life estate in certain real property remove the remainder in fee in that property, which, by the terms of the statute, vests in the heirs, beyond the reach of the estate's creditors?

This question is for the first time before the court for adjudication. Section 1465 of the Code of Civil Procedure provides that where no homestead has been selected the court must select a homestead for the use of the surviving husband or wife and the minor children. Section 1468 of the Code of Civil Procedure fixes the title of the property so selected, and declares that if it ! as been selected from the separate property of the decedent the court can only set it apart for a limited period, and the title vests in the heirs. Section 1468 has been construed as a limitation upon the power of testamentary disposition, with the result that when a homestead has been so set apart by the court the remainder in fee, under the terms of the statute, vests in the heirs, to the exclusion of any devisees that may have been named in the will. (*Estate of Walkerly,* 108 Cal. 627.[1]) But does section 1468 effect such a direct statutory distribution of the property as both removes it from the administrative control of the court in probate and at the same time from the reach of the creditors of the estate? Having regard to the policy of the law, it seems plain that

---

[1] 49 Am. St. Rep. 97, and note.

only the homestead, or the homestead estate, if it may be so called, is thus exempted from creditor's claim, and that the law evinces no such tenderness or regard for the heirs (excepting in the case of estates in value of less than fifteen hundred dollars) as would justify the conclusion that it means to prefer their claims to the claims of the creditors of the estate. In other words, the manifest policy of the law is to subject all property, excepting that exempt from execution, the homestead estate, and the property of estates in value of less than fifteen hundred dollars, to just claims of creditors. In section 1474 of the Code of Civil Procedure, dealing with the case of a homestead selected from the separate property of its owner during his lifetime, the law is particular to declare that it shall not be subject to the payment of any debt or liability contracted by, or existing against, the husband or wife, or either of them, at the time of the death of such husband and wife, except as provided in the Civil Code. Section 1265 of the Civil Code, with like particularity, provides that, "upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent; but in no case shall it be held liable for the debts of the owner, except as provided in this title." In the case of section 1468 of the Code of Civil Procedure there is no such provision, and the simple language is, that title vests in the heirs.

Nor is this difference between sections 1474 of the Code of Civil Procedure, section 1265 of the Civil Code, and section 1468 of the Code of Civil Procedure, here under consideration, casual and accidental. It is a distinct difference, well founded in reason. The law has regard for the family as the basic unit of society, and for that reason protects the family home. In the case of the death of either spouse, in contemplation of the situation of minor and dependent children, it makes provision, securing the surviving spouse and such children in the homestead; and where the estate is of small value the law entirely cuts off the rights of the creditors, deeming it of paramount importance that the property of the deceased should be devoted to the maintenance and support of the family. Moreover, in the case of a homestead declared

during the lifetime of the owner, all who may give credit to the family do so with knowledge that they can have no recourse upon the homestead property for their debts. But by what process of reasoning can the conclusion be reached that the law will set aside the claims of creditors in the interest of heirs who are not dependent relatives, and who may be collateral merely to the remotest degree of kindred, and that this result shall be effectuated, not because of any express mandate of the law, but merely because the law says that title to a homestead so selected by the court in probate "shall vest in the heirs" subject to the homestead estate? The court has power, and in some instances has set aside such a homestead upon property to the value of thirty or forty thousand dollars. (*Estate of Walkerly*, 108 Cal. 627 [1]). It might be that this was all the property of the estate. It would indeed be not only an anomaly, but a gross injustice, if the creditors were to be left remediless because the court had set aside such a homestead to a widow during her widowhood. It is certainly more in consonance with natural justice, and with the spirit of our jurisprudence, to say that when the dependent family have been protected in their needs the law will next consider the claims of *bona fide* creditors, and that only after this is done shall the heirs take. Even so, they get all the deceased could have given them had he lived,—that is to say, the residue of his property after the payment of his just debts.

It is well settled that the heirs under a homestead order such as this take a vested estate, which they may alienate, and of which, therefore, they may be deprived by process of judicial alienation, as under execution, through insolvency, or the like. If their estate may not also be alienated at the instance of the creditors of the deceased, we must look elsewhere than to the language of the section to discover the reason. It is insisted that it is found in the opinion of this court in *Estate of Hardwick*, 59 Cal. 292. In that case a homestead had been set apart out of the separate property of the estate for the use and benefit of the surviving wife and children of the testator. It is said that after the probate court had so set the homestead aside it "ceased to have any control over the property so set apart. By being so set apart, the property

---

[1] 49 Am. St. Rep. 97, and note.

constituting said homestead was excluded from the jurisdiction of said court, and it was therefore improper for the court to make any further order in relation to it, and the following clause in the decree of distribution should have been omitted, —viz., 'This decree does not affect any right, title, or interest of any of the heirs, devisees, or legatees of the deceased in or to the homestead or remainder of said homestead set apart by this court to the surviving widow, as will appear by the papers on file herein.' " The appeal in *Estate of Hardwick* had reference only to the above-quoted clause in the decree of distribution, and this court ordered it stricken from the decree, upon the doubt that it might possibly operate to the prejudice of the widow in her homestead right. That was all which the court was called upon to decide, and all that it did decide. The language of the opinion must be construed in view of the facts. The section of the code declares that title shall vest in the heirs. It would be meaningless and absurd to say that a decree of distribution in such a case could not declare who those heirs were, when it is not only always the proper, but often the essential, function of the decree to do this precise thing. Nor should the opinion be construed as meaning to say anything more than that the *homestead estate* is excluded and removed from the jurisdiction of the court. This homestead estate is so removed and excluded because it has ceased to be subject to any of the purposes of administration. It is freed from the debts of the creditors,—is freed from the possession of the administrator. But it does not follow therefrom that the title in fee embraced in the remainder over to the heirs is likewise removed from administration, and there is nothing, either in the statute or in the decision, to warrant such construction. .

We conclude, therefore, that as the estate of the heirs under such circumstances is alienable at their pleasure, and alienable by operation of law, it is likewise subject to the just demands of creditors of the estate, and the order appealed from is therefore reversed.

McFarland, J., Beatty, C. J., Lorigan, J., Shaw, J., and Van Dyke, J., concurred.