MARY J. BIXBY v. BARBARA E. JEWELL, ADMINISTRATRIX.

FILED DECEMBER 7, 1904.    No. 13,653.

1. Executors and Administrators: SALE OF REAL ESTATE: REVIEW. In a statutory proceeding for a license to sell real estate by an administrator or executor, where no motion for a new trial is filed in the court below, we will, on error proceedings, examine the sufficiency of the pleadings to sustain the judgment.

2. Special Proceeding. An application to the district court by an

executor or administrator for license to sell real estate is not a
suit in equity but a special statutory proceeding.

3. **Homestead, Sale of:** VALIDITY. A homestead of less value than
$2,000 cannot be disposed of at administrator's sale either for the
discharge of incumbrances thereon or for payment of debts
against the estate of the decedent, and a license granted by the
district court purporting to authorize such a sale is absolutely
void. Following *Tindall v. Peterson*, 71 Neb. 160.

ERROR to the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE. *Reversed.*

*Mockett & Polk*, for plaintiff in error.

*George A. Adams, contra.*

OLDHAM, C.

In this case Barbara E. Jewell, administratrix of the
estate of Alexander Jewell, deceased, filed a statutory
petition in the district court for Lancaster county for a
license to sell the real estate of her intestate for the pay-
ment of the debts of the estate. Mary J. Bixby, one of
the heirs at law of the decedent, filed objections to the
issuing of a license on several grounds, the only one of
which it will be necessary to examine is the 4th objection,
which is as follows:

"This objecting heir further shows to the court that the
farm of 156.88 acres was the homestead of decedent and
his family at the time of his death, on or about February
7, 1897, and was at said time occupied by the decedent
and his family as a homestead, and immediately upon his
death the homestead right to the extent of $2,000 in said
land descended to the widow, Barbara E. Jewell, for her
lifetime, and upon her death to the children of Alexander
Jewell, deceased, free and clear from all debts contracted
by said decedent in his lifetime, and that said homestead
is not liable for the payment of any claim set out in the
petition filed herein."

The administratrix, by way of reply to these objections,

alleged that the objections were insufficient and did not state facts sufficient to stay the issuing of an order as prayed for in the petition; that the claim set out in the petition of $5,611 and interest is a prior claim against the estate, in that the larger portion of the money was furnished by the judgment creditor and claimant for the payment of mortgages and liens against said estate, and he is entitled to be and is subrogated by the order of this court to the rights of the mortgagees therein, which said mortgages were executed, signed and delivered by the said Alexander Jewell, deceased, and his wife so as to become and were liens upon and against said estate, and that the claimant in said claim, being subrogated thereto, is entitled to have said real estate sold, notwithstanding it may have been the homestead of the deceased. In other words, the reply admits the allegation of the objector that the lands were occupied as a homestead by the deceased at the time of his death, and have been since occupied as such by his widow and heirs. On issues thus joined, the district court found that the claims of Parkason J. Jewell and Zenith J. Jewell, amounting to $5,611, were for money furnished the estate for the payment of a mortgage and other liens, which existed prior to the death of Alexander J. Jewell, and were liens against said estate at the time of his death; that the homestead rights of the widow and family of the decedent are subject and inferior to the claim of said Parkason J. Jewell and Zenith J. Jewell. The decree grants the license, directs the property to be sold subject to the dower interest of the widow, which is to be subsequently determined on the coming in of the report of the sale; and, to reverse this judgment, Mary J. Bixby brings error to this court.

No motion for new trial was filed in the court below, and the only question we shall examine is as to the sufficiency of the pleadings to sustain the judgment. Under section 17, chapter 36, Compiled Statutes, 1903 (Annotated Statutes, 6216), the homestead descends to the survivor for life, and afterwards to his or her heirs forever, subject

only to the claims enumerated in the chapter, which are mechanics', laborers' and vendors' liens, and debts secured by mortgage as set out in section 3 of this chapter. The petition for a license to sell the real estate did not allege that any of the debts for which the license to sell was prayed were either mortgages or other statutory liens on the homestead. It is true the administratrix attempted to supply this averment by an allegation in her reply to the objections, yet the allegation only goes so far as to say that certain of the claims had been advanced by the claimant therein named for the payment of mortgages and other liens existing on the homestead before the death of the intestate. If, as alleged in the reply, the claimants therein named have paid mortgages and other liens existing against the homestead in the lifetime of the decedent, and the circumstances were such as to entitle them to be subrogated to the rights of the mortgagees or other lien-holders, such claims, in a proper suit instituted for that purpose, may be enforced by a decree foreclosing the liens to which they have been subrogated; but these claimants have filed no pleadings of any kind in this proceeding, and, consequently, so much of the judgment and decree of the district court as declares the liens of these two claim-ants prior to the homestead right of the widow and heirs in the lands sought to be sold is wholly unsupported by the pleadings. In *Poessnecker v. Entenmann*, 64 Neb. 409, we held that the application to a district court by an executor or an administrator for license to sell real property is not an action in equity but a special statutory proceeding; and, again, in *McClay v. Foxworthy*, 18 Neb. 295, we held:

"A proceeding under the statute to sell real estate of the deceased for the payment of debts against the estate is not, strictly speaking, an action. It is purely a proceeding *in rem*, where the principal questions involved are, the amount of debts outstanding against the estate, the amount of personal property available for the payment of the debts, and the necessity to sell the land for which license is sought for the payment of the same."

Under this view of an application for license to sell real estate by an administrator, the only questions which should be determined in the proceeding are the amount of the indebtedness against the estate, the amount of personal property available for the payment of such debts, and the necessity to sell the land, and the character of the estate which is sought to be charged with the payment of the debts. When it was made to appear by the objections filed by one of the heirs and the reply of the administratrix that the estate sought to be sold was impressed with the character of a homestead, the court was without authority to proceed further until the homestead right had been admeasured and its value determined. In the recent case of *Tindall v. Peterson*, 71 Neb. 160, AMES, C., speaking for the court says:

"A homestead of less value than $2,000 cannot be disposed of at administrator's sale either for the discharge of incumbrances thereon, or for payment of debts against the estate of the decedent, and a license granted by the district court, purporting to authorize such a sale, is purely void."

We therefore conclude that the judgment of the district court decreeing the sale of the homestead, and declaring the alleged incumbrances of the claimants therein recited superior to the homestead right is unauthorized and void, and we therefore recommend that the judgment of the district court be reversed and the cause be remanded for further proceedings in conformity with this opinion.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for further proceedings in conformity with this opinion.

REVERSED.