IN RE SARAH A. HADSALL.

SARAH A. HADSALL, ADMINISTRATRIX, APPELLANT, V. CHARLES HADSALL, APPELLEE.

FILED NOVEMBER 6. 1908.  No. 15,343.

Executors and Administrators: ALLOWANCE TO WIDOW. The allowance made by the probate court to the widow of her deceased husband is a debt against the estate which must be paid from the assets thereof. The allowance cannot be satisfied or made out of the homestead left by the deceased.

APPEAL from the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*T. W. Blackburn,* for appellant.

*L. E. Gruver, contra.*

DUFFIE, C.

From the pleadings and agreed statement of facts upon which the case was tried the following appears: Henry B. Hadsall died intestate April 16, 1903, seized of lots 18, 19 and 20, in block 4, in the village of Weston, Saunders county, Nebraska. Sarah A. Hadsall is his widow, and prior to his death the parties resided upon the lots above described; the same being their homestead. Decedent had no other real estate, and was possessed of no personal property. The value of the lots and the building thereon is $900, and each lot without building or improvements is of the value of $50. In October, 1906, Mrs. Hadsall was appointed administratrix of the estate, and shortly there-

after the probate court of Saunders county entered an order allowing her the sum of $25 a month for her support, commencing on the 16th day of April, 1903. It is agreed that, as administratrix of the estate, she has no funds from which to pay the same or any debts of the estate or expense of the administration; that there is no property of any kind from which the allowance can be made unless the lots above described can be sold for that purpose. It is further stipulated that no income is derived from said lots nor has there been since the death of Hadsall, but the administratrix and widow has resided thereon and used the same as her home since the death of her husband. It is further agreed that application in due form had been made to the district court for Saunders county, and that notice of said application had been duly published. The application was resisted by Charles Hadsall, a son of the deceased, and who had purchased the interest of part of his co-heirs in the above described lots. It is further shown that the deceased left no minor children, and that his only heirs at law are Sarah A. Hadsall, his widow and administratrix of his estate, and nine children, the youngest of whom is 40 years of age. The district court made a finding that the property, with the exception of one vacant lot, was the homestead of the deceased at the time of his death, that the same is not subject to the payment of the widow's allowance as a debt or claim against decedent's estate, and, as the applicant did not desire to sell the one lot not embraced in the homestead separate and apart from the other lots, on account of its small value, the application was denied and the petition dismissed. From this order the administratrix had appealed.

The statute in force at the death of Henry B. Hadsall makes the following provision for the benefit of the widow and children of a decedent: "The widow and children constituting the family of the deceased shall have such reasonable allowance out of the personal estate, or out of the income of the real estate, as the county court may

judge necessary for their maintenance during the progress of the settlement of the estate, according to their circum-stances, which in case of an insolvent estate shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow. And when the personal estate and the income from the real estate shall be insufficient to meet the allowance made as provided by law, such an al-lowance shall be deemed a debt against the estate, to be paid out of the proceeds of the sale of any real estate, and to take its preference for payment next after debts due this state, and before the claims of general creditors." Comp. St. 1903, ch. 23, sec. 176. It will, we think, be conceded that all debts and claims of every character ap-proved or allowed by the probate court against the estate of a deceased person must be paid from the assets of the estate. Certainly the property of strangers cannot be used for that purpose, nor can property which the legisla-ture has exempted from the payment of the decedent's debts, and which it has declared shall descend to his heirs freed therefrom. Our homestead law in force at the time of Hadsall's decease contains the following provisions: "If the homestead was selected from the separate prop-erty of either husband or wife it vests, on the death of the person from whose property it was selected, in the sur-vivor for life and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter." Comp. St. 1905, ch. 36, sec. 17. The title to the lots in question was in Henry B. Hadsall at the time of his decease. It was his homestead. On his death a life estate therein vested in his widow, the applicant herein, and the fee vested in his heirs subject to the widow's life

estate. This homestead was not an asset of the decedent's estate or subject to administration, and we are unanimous in the opinion that all claims against the estate of whatever kind or nature must be paid out of the assets belonging to the estate.

In discussing homestead statutes much like our own, Thompson, Homesteads and Exemptions, sec. 546, says: "By force of these statutes the homestead of a deceased person forms no part of his estate to be administered in the probate court. It is not assets in the hands of the administrator, but the use of it as a homestead is reserved to the family during the period of administration. The authority of the probate court over it is limited to segregating it from that part of the decedent's estate which is subject to administration. When that is done, its jurisdiction ceases." Woerner, American Law of Administration (2d ed.), sec. 102, says: "It follows from the absolute nature of homestead rights that the homestead can in no view constitute assets in the hands of the administrator, since it vests in the widow and children free from the husband's debts, differing in this respect even from the property allowed for the provisional support of the family." We are firmly committed to this doctrine by our decisions. In *Tindall v. Peterson*, 71 Neb. 160, it is said: "A homestead of less value than $2,000 cannot be disposed of at administrator's sale either for the discharge of incumbrances thereon, or for the payment of debts against the estate of the decedent, and a license granted by the district court, purporting to authorize such a sale, is absolutely void." This holding was followed in *Bixby v. Jewell*, 72 Neb. 755, and has become the settled law of the state. Under our statutes the homestead cannot be taken into account in administering the estate of a deceased person. So far as administration of a decedent's estate is concerned, it is as though the homestead property never belonged to the decedent, as it vests in the widow and heirs immediately upon his death, divested of all claims of whatever nature (except the liens mentioned in

the homestead law) which may be allowed against the estate. We have been unable, after considerable research, to find but one case in which the homestead was held liable for the allowance made the widow. The homestead referred to was one selected by the court under the California statute after the death of the head of the family, and the statute of California, as construed by the court, makes a broad distinction between a homestead selected by the head of the family, and occupied as such at the time of his death, and a homestead set apart by the court after the death of the head of the family. It is plainly intimated in the opinion that a homestead selected and occupied as such prior to death is not subject to sale to satisfy an allowance made the widow; but, as a homestead for the amily selected by the court may be sold by the heirs, the court concludes that such homestead is subject to the payment of debts due from the estate, including the widow's allowance. *Estate of Tittel,* 139 Cal. 149, 72 Pac. 909. We call attention to this case for the reason that the court, while upholding the widow's claim, very clearly intimates that her claim would not be allowed out of a homestead selected by her husband and occupied by the family prior to her husband's death.

The district court was not in error in dismissing the application of the administratrix, and we recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.