## IN RE ESTATE OF HEINRICH J. JURGENS.

FILED OCTOBER 7, 1910.    No. 16,140.

Homestead: ASSIGNMENT TO WIDOW: VALUE AND EXTENT. In assigning a homestead to the widow of an intestate, where the estate owes no debts, the value of their homestead as owned and occupied by them at the time of the death of the husband should be adopted in fixing the extent thereof; and its enhanced value created by the industry and economy of the applicant should not be considered.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*G. W. Prather,* for appellant.

*F. L. Carrico* and *Hague & Anderbery, contra.*

Barnes, J.

This was an application by Anna C. Jurgens, widow of Heinrich J. Jurgens, to assign to her a homestead out of the lands of her deceased husband. The county court denied her application, and on appeal to the district court for Franklin county there was a finding that at the time of the death of said Heinrich J. Jurgens the said above described real estate did not exceed in value the sum of $2,000 above the liens and incumbrances thereon, and the following judgment was rendered: "It is therefore ordered, adjudged and decreed that said above described real estate, to wit, the northeast quarter of section 10, township 14, range 16 west of the sixth P. M. in Franklin county, Nebraska, be and the same is hereby assigned to the said Anna C. Jurgens for and during the term of her natural life, and that the minor heirs, to wit, George Jurgens, Jurgen Jurgens, Rezena Jurgens, Ona Jurgens and Anna Jurgens share with her in the rents, issues and profits of said homestead during their minority. To which findings, decree and judgment the guardian *ad litem* excepts." From that order the guardian *ad litem* has appealed to this court.

It appears that in the month of October, 1899, Heinrich J. Jurgens purchased and took possession of the east half of section 10, township 14 north, of range 16 west of the sixth P. M. in Franklin county, Nebraska, under a contract for a warranty deed, the purchase price being $8,000, $2,000 of which was paid at that time; that the petitioner and her husband selected the north half of the said tract, the same being the land now in question, as their homestead, and resided thereon until her husband's death, which occurred on the 28th day of June, 1901; that at that time the remainder of the unpaid purchase price of the

half section amounted to about $6,500; that the petitioner, together with her minor children, have resided on the northeast quarter of said section 10 as their homestead continuously until the present time; that they have cultivated and improved the land, and by their industry and economy have paid the remainder of the purchase price, together with other debts owing by the deceased at the time of his death, amounting to about $700; that on the 10th day of September, 1908, the widow filed her petition in the county court for the assignment of the said northeast quarter of said section as her homestead; a guardian *ad litem* was appointed for the minor heirs, and upon a hearing before the county judge her petition was denied, and she thereupon prosecuted an appeal to the district court where a trial resulted in the order and judgment above quoted.

It is now contended by the guardian *ad litem* that the district court erred in holding that, in assigning the petitioner's homestead, its value and extent should be determined as of the date of the death of her husband, and this is the main question presented for our determination. By the terms of section 17 of the homestead act (laws 1879, p. 57, Comp. St. 1909, ch. 36) the land in question in this case descended in fee on the death of the intestate to his children, subject to the life estate of the widow. In construing the provisions of the homestead law it was said in *In re Hadsall,* 82 Neb. 587: "The title to the lots in question was in Henry B. Hadsall at the time of his decease. It was his homestead. On his death a life estate therein vested in his widow, the applicant herein, and the fee vested in his heirs subject to the widow's life estate. This homestead was not an asset of the decedent's estate or subject to administration, and we are unanimous in the opinion that all claims against the estate of whatever kind or nature must be paid out of the assets belonging to the estate." It seems clear, therefore, that the homestead which vests at the death of an intestate in the survivor for life is the identical homestead in quantity and

value defined in section 1 of the act of 1879, and the statute recognizes none other.

It is claimed, however, that the applicant having by her industry and economy paid the remainder of the purchase price of the half section of land of which her husband died seized, together with the other debts owing by his estate, and having placed valuable improvements on that portion of it occupied as a homestead, thereby materially increasing its value, she is not entitled to have the whole homestead of 160 acres assigned to her, and that she is only entitled to so much of it as is now at this time worth $2,000. We do not think this view should be adopted. The law is well settled that, if a creditor of the deceased debtor claims that the homestead exceeds in value the statutory amount, its worth at the time of the decedent's death will govern. 21 Cyc. 576; *Parisot v. Tucker, Adm'r,* 65 Miss. 439, 4 So. 113; *McLane v. Paschal,* 74 Tex. 20, 11 S. W. 837. We are of opinion that the same rule should govern in the matter of the assignment of a homestead when petitioned for by the widow of an intestate.

It is further contended that the court erred in refusing to receive evidence of the amount and value of the improvements placed upon the land by the petitioner, but in view of the rule above announced such evidence was clearly immaterial, and the court did not err in excluding it.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.