**HAGAR et al. v. JOHNSON.**

No. 20155. Opinion Filed July 14, 1931.

Rehearing Denied Sept. 15, 1931.

Cox & Cox, for plaintiffs in error.

Erwin & Erwin, for defendant in error.

HEFNER, J. Robert A. Johnson died

testate seized of the west 70 feet of lots 1 to 6, inclusive, in block 15, Longview addition to the town of Carney, Okla., together with other property. These lots were not disposed of by the will. The remainder of his property, both real and personal, was devised and bequeathed one-third to Elnora Johnson, his surviving wife, and the remaining two-thirds to his children, all of whom were then adults. The property in the town of Carney was set aside by the probate court to Elnora Johnson as a homestead. She also was awarded a family allowance of $50 per month pending administration. The assets of the estate were insufficient to pay the debts and family allowance. After the estate was closed, there remained due Elnora Johnson, on the family allowance, the sum of $626.68.

This action was brought by her as plaintiff in the district court of Lincoln county against Neda P. Hagar and others, as heirs at law of Robert A. Johnson, deceased, to recover this amount, and prayed that the same be decreed a lien against the remainder in the homestead, and that the premises be sold subject to her homestead interest to satisfy the judgment. The trial court held in favor of plaintiff, and entered judgment accordingly.

Defendants urge that the judgment should be reversed for the reason that, under the statute, the remainder in the homestead is not subject to sale to satisfy a family allowance. In our opinion, defendants are correct in their contention. Under our statute, the homestead is not an asset in the hands of the administrator or executor, and not subject to administration. Plaintiff relies on the case of In re Tittel's Estate (Cal.) 72 Pac. 909. In that case, the Supreme Court of California held that the remainder in a homestead set apart to the surviving spouse might be sold to satisfy a balance due on the family allowance. We do not think the case applicable, because the opinion is based on a special statute of that state which provides:

"When property, other than the homestead selected and recorded during the lifetime of the decedent is set apart to the use of the family, in accordance with the provisions of this chapter, such property, if the decedent left a surviving spouse and no minor child, is the property of such spouse. If the decedent left also a minor child or children, the one-half of such property belongs to the surviving spouse, and the remainder to the child or in equal shares to the children, if there are more than one. If there is no surviving spouse, the whole belongs to the minor child or children. If he property set apart is a homestead, selected from the separate property of the

decedent, the court can set it apart only for a limited period, to be designated in the order, and, subject to such homestead right, the property remains subject to administration."

Under the California statute, where no homestead is selected and recorded by decedent during his lifetime, it is made the duty of the court to select and set aside a homestead to the survivor, and the remainder in the property so set aside becomes an asset in the hands of the administrator and subject to administration. We have no similar statute.

**Section 1224, C. O. S. 1921, provides:**

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not, in any event, be subject to administration proceedings, until it is otherwise disposed of according to law. * * *"

**Section 1226, C. O. S. 1921, provides:**

"The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homesteads."

**Section 1256, C. O. S. 1921, is as follows:**

"All the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. And the property, personal and real, may be sold as the court may direct, in the manner hereinafter prescribed. There shall be no priority as between personal and real property for the above purposes."

It will thus be seen that, under express provisions of our statute, a homestead set apart by the court to the surviving spouse of deceased cannot be subjected to payment of debts of deceased. In this respect our statute differs materially from the California statute. It appears from the opinion, however, that under the statute of that state, where a homestead is selected and the selection recorded by decedent during his lifetime, it must be set apart as such to the surviving husband or wife, and in that event the remainder goes to the heirs free from debts of the deceased, but, in the event no homestead is selected, the statute makes it the duty of the court to select and set aside a homestead to the survivor, and in that event the remainder in the homestead so selected is subject to administration and may

be sold to pay debts of the deceased and the family allowance.

Under our statute, it is not necessary that the homestead be selected by the deceased during his lifetime in order that it may descend to his heirs subject to homestead rights free from debts.

In the case of Hadsall v. Hadsall (Neb.) 118 N. W. 331, the following rule is announced:

"The allowance made by the probate court to the widow of her deceased husband is a debt against the estate, which must be paid from the assets thereof. The allowance cannot be satisfied or made out of the homestead left by the deceased."

In its opinion, the Nebraska court discusses the California case here relied on, and points out that it is based on a special statute in force in that state, and says that the opinion is not controlling for the reason that no such statute exists in Nebraska. The reasoning there employed applies here, as no statute similar to the California statute exists in this state.

What shall be set aside as a homestead, and what shall be allowed as a family allowance, and how the allowance shall be paid, depends entirely upon our constitutional and statutory provisions. When the homestead has been set aside, it is not an asset of the estate of the decedent that can in any way be administrated upon by the probate court.

Section 1256, supra, specifically provides that the property of the decedent, except the homestead and other property set apart to the surviving wife or husband, shall be chargeable with the payments of the debts of the deceased, expenses of administration, and the allowance to the family. We must look to the statute for authority to make the payment and how the same shall be made. Under these statutes, the expense of administration, the debts of the deceased, and the allowance to the family must be paid out of the assets of the estate subject to administration. There is no authority under the statute to pay it out of any other assets. The entire homestead is set aside under our Constitution and under our laws for the use of the survivor, and shall not in any event be subject to administration proceedings, nor to the payment of the debts of the decedent, nor to the payment of the expenses of administration, nor to the payment of the family allowance. Suppose this proceeding had been brought to subject the homestead to the payment of the debts of the decedent. In other words, could the homestead, subject to the survivor's homestead right, be sold to pay a debt of the decedent? Or could it be sold to pay the expenses of administration? We say no. Then if it cannot be sold for these purposes, it cannot be sold to pay the widow's allowance because the allowance is paid out of the same assets as the debts of the decedent and expenses of administration. Since the homestead is not subject to administration, no part of it can be subjected to the payment of the debts of the decedent, nor to the payment of the expenses of the administration, nor to the payment of the widow's allowance. Since in this proceeding it is sought to subject the remainder in the homestead to the payment of the widow's allowance, it might seem that it would be just to the widow to permit this to be done; but if it is permitted to be done, it must follow that a creditor of the estate could bring a proceeding and subject the remainder in the homestead to the payment of his claim, and it would also be subject to the payment of the expenses of administration. Under our Constitution and statutes, the entire homestead is set apart to the survivor. It is not intended that the survivor can be menaced in the free and full use of the same.

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of the defendants.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents.

---

KORNEGAY, J. (dissenting). I dissent from the legal principles announced in this case. I think the majority opinion overlooks the applicable statutes, and fails to distinguish between a widow's allowance and an ordinary debt of the deceased. In the particular case, the lots were in the town of Carney, Okla. There seems to be no evidence in the case-made as to their value. The deceased, Robert E. Johnson, lived on those lots with his wife, Elnora Johnson, when he died. He had other property besides this which he disposed of by will, willing to the children by a former marriage $10 each, and to the widow, Elnora Johnson, the W. ⅓ of the S. ½ of the S. W. ¼ of section 16, township 15 north, range 3 east, and to Herman E. Johnson the east ⅓ of the same, and to Mont E. Johnson the middle ⅓ of the same, and to his other three heirs, Grover C. Johnson, Neda P. Hager, and Ida B. Looney, he gave $10 each, and he also willed that all of his just debts be paid.

The widow had no family, outside of herself, living with her, and all of the children were adults, as it is disclosed by the record. Perhaps thinking that the county court

would have no jurisdiction at her request to order a sale of the interest of the heirs in the town property on which she lived, and which was set apart as her homestead, in order to satisfy her widow's allowance of $626.68, she brought an equitable action in the district court in the county where the land lay, for the purpose of subjecting the inherited interest in the land to the satisfaction of her claim.

The lower court made the order of condemnation, but so far as the record goes there has been no sale. This court reverses that order. The matter is briefed. Some reliance is placed on some cases from elsewhere, and the majority opinion in this case seems to have overlooked the applicable statutes in a desire to find a case under some other statute that would fit this case. Section 1224, C. O. S. 1921, and sections 1226 and 1256 of the same are quoted in the majority opinion. However, section 1227, C. O. S. 1921, as amended by the Laws of 1925, c. 124, appears to me to be applicable. It is as follows:

"Section 1227. Family Allowance. If the amount set apart as aforesaid be less than that allowed, and insufficient for the support of the surviving spouse and children, or either, or, if there be no such personal property to be set apart, and if there be other estate of the decedent, the court may, in its discretion, make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary, or of administration."

The county court, according to the recitals in the opinion and as disclosed by the case-made, fixed her allowance at $626.68. Other funds were exhausted, and the property that was not disposed of by the will, to wit, the remainder in the homestead, was sought to be subjected at the instance of the homestead claimant. The mistake is made by the majority opinion in classifying the amount due the widow for her allowance to live upon as though it were an ordinary debt of the deceased, and also in not distinguishing between an ante mortem homestead and a probate homestead.

Section 1228, C. O. S. 1921, appears not to have been amended, and reads as follows:

"1228. Allowance a Preferred Claim. Any allowance made by the court in accordance with the provisions of this article must be paid in preference to all other charges, except funeral charges or expenses of administration; and any such allowance, whenever made, may, in the discretion of the court, take effect from the death of the decedent."

From this legislative declaration, it is clear that this widow's allowance is a preferred claim, and that if she asked for it, the land occupied by her as a homestead, subject to homestead rights, could be sold. That is to say, that what would be inherited by the heirs could be subjected to the satisfaction of the widow's allowance.

In reviewing decisions from our own state, or another state, we must see what is before the court, and what kind of a statute is being construed. Neither Hadsall v. Hadsall (Neb.) 118 N. W. 331, nor the case of In re Tittel's Estate, from California, 72 Pac. 909, throws any more light on the question here than most any other decision declaring the general purpose of a homestead provision and a widow's allowance provision.

It goes almost without saying, that the personal debts of the owner of the homestead cannot be satisfied out of the property designated as a "homestead," during the life of the occupant. However, when he dies, and the property is to be disposed of, there is quite another situation. That depends entirely upon the laws of the state where the property lies.

In Oklahoma, the protection of the homestead, prior to the death of the owner, is largely constitutional. See article 12 of the Constitution. Its disposition after death is largely statutory. The Constitution protects it from "forced sale for the payment of debts." When a man dies, the probate court takes charge. Some legal obligations, binding the property, accrue after death.

In the present case, the family that was left was the widow. The heirs were the widow and five adult children. As against creditors, the widow was entitled to "possess and occupy" the land during life, and also as against heirs. (Section 1224, C. O. S. 1921.) This court early defined the widow's rights and the heir's rights in the case of Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220.

The court in that case says:

"In so far as views herein expressed are in conflict with Betts v. Mills, supra, that case is overruled; and we conclude that upon the death of Edwin M. Holmes, his heirs succeeded to the title to all his real estate, including his homestead, as provided by section 6895, Wilson's Rev. & Ann. St., subject, however, to the right of defendant in error to use and occupy the same as a homestead, so long as she resides thereon and makes it her home. While she occupies said premises as her home and homestead, the same is not subject to be partitioned at the suit of the heirs. Miller v. Hassman, 24

Okla. 381, 103 Pac. 577; Funk v. Baker, 21 Okla. 402, 96 Pac. 608, 129 Am. St. Rep. 788."

The home was given to the widow for life as a place to live. The allowance to the widow was made to enable her to live. The remainder, after her life, was undisposed of by the will, and would go to the heirs therefore, all of whom were adults. Who could complain if proceedings were started by her to subject the inherited interest in this land to the satisfaction of her claim for allowance to live on?

Complaint is here made by the adult heirs, though they could not have any interest until after the widow's allowance was satisfied, according to these statutes. Of course, the interest they inherit is a part of the real estate of the deceased. This estate of the deceased was made a fund out of which the widow's allowance was especially payable by statute. Before the heirs could come in, even ordinary debts would have to be paid, unless it was an heir that was protected against debts especially.

There is a case decided by this court of Fuller v. Holderman, 114 Okla. 136, 244 Pac. 417, that will shed light on this matter. The widow in that case, as administratrix, sold the state homestead to pay debts and taxes. She was the only one of the family left. One of the adult heirs bought in the property that was sold at probate sale. Later another adult heir tried to set the sale aside. This court said:

"The first assignment, however, requires more serious consideration. We shall dispose of it on the theory on which it is presented by the plaintiffs in their brief. After quoting the state statutes touching the homestead, they say:

" 'So in this case, when Marion Holderman died, his homestead descended immediately to his heirs, and was subject only to the right of the widow to occupy. It was not subject to control or possession by the administrator, and was not subject to administration proceedings. The right of the widow to use it is not an interest in the property, but only a right to use it, if she chooses. If she does not want to use it, she may agree to a partition of the land at once. But no act of hers will make it "assets" in the hands of the administrator to pay unsecured debts. We presume that, in a proper case, with full understanding, she could bind herself, but she could not bind the other heirs.'

"It is to be noted that, in this contention, made by the plaintiffs, they assert that no act on the part of the widow could make the land in question assets in the hands of the administrator to pay debts. Under the Constitution of this state, the homestead is reserved to the family. It might be claimed by either the husband or the wife. In the instant case, there were no minor children. At the time of the death of the proprietor, only one person was in existence to whom the law extends the privilege of asserting a possessory right to the land as a homestead. Unless that right exists, and is asserted, the land is not stamped, in its descent to the heirs, with anything that savors of a possessory right, such as that preserved for the benefit of those entitled under the law to a homestead. And, in this connection, plaintiffs specifically pleaded that the widow executed a waiver of any rights that she might have (whether disputed or conceded) in and to the land, by reason of the homestead exemption, and that said waiver was filed with the petition. The petition referred to was the petition of the administrator filed in the administration proceeding, and seeking the sale of the land for the payment of the approved claims against the estate of Marion Holderman. Upon this petition, which showed on its face that no claim was made to the possession of the land under the homestead law, the county court found and adjudged that the land was an estate in the hands of the administrator, to pay the debts chargeable against the estate, and directed in the order of sale that the land be sold for that purpose.

"Undoubtedly the probate court, in the exercise of its jurisdiction, had power to determine whether this land was or was not a homestead, and its judgment that it was not such became a finality. No appeal was taken therefrom, and, in the trial of the instant case, the finding of the trial court was against the contention that the same was procured by any fraudulent conduct."

In the present case, the request to sell was by the only person who could complain of the sale of the remainder for this purpose, though as heir she could not. As surviving widow, she might, but did not. It is probable that the Constitution conferred on the county court the right to fix the allowance as well as to order the sale to satisfy, but owing to the prohibition about administration, resort was had to a court of equity to make the order. This is allowable. See Croswell on Executors and Administrators, chapter 25. See, also, Hayes v. Pratt, 37 L. Ed. (U. S.) 279.

Liabilities of an estate are of two kinds, the first being those created by the holder of the estate during life, and the second being liabilities arising after death. See chapter 38 of American Law of Administration by Woerner. These are funeral expenses, expenses of administration, and alimony for surviving family. (See same chapter.) It depends on the statute in each state as to what it may be paid out of. Our statute prefers it to all charges of every

kind, except funeral charges and expenses of administration. In the marshaling of assets for payment of claims, it is ahead of everything, except these two, and ahead of debts incurred by the deceased. In the event of insolvency, one year is the limit, otherwise, the course of administration.

The case relied on by the majority was not under a statute like ours. A reading of the case shows that the allowance there would have to be paid out of personal estate as such, or income from real estate. If this was not sufficient, it ranked merely as a debt to be paid out of the sale of real estate. There a homestead inter vivos descended to the heirs free from any claims. In the body of the opinion relied on (Hadsall v. Hadsall (Neb.) 118 N. W. 331) is the following:

"The statute in force at the death of Henry B. Hadsall makes the following provisions for the benefit of the widow and children of a decedent: 'The widow and children constituting the family of the deceased shall have such reasonable allowance out of the personal estate, or out of the income of the real estate, as the county court may judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which in case of an insolvent estate shall not be longer than one year after granting administration, nor for any time after the dower and personal estate shall be assigned to the widow. And when the personal estate and the income from the real estate shall be insufficient to meet the allowance made as provided by law, such an allowance shall be deemed a debt against the estate, to be paid out of the proceeds of the sale of any real estate, and to take its preference for payment next after debts due this state, and before the claims of general creditors.' Section 176, c. 23, Comp. St. 1903. It will, we think, be conceded that all debts and claims of every character approved or allowed by the probate court against the estate of a deceased person must be paid from the assets of the estate. Certainly the property of strangers cannot be used for that purpose, nor can property which the Legislature has exempted from the payment of the decedent's debts, and which it has declared shall descend to his heirs freed therefrom. Our homestead law in force at the time of Hadsall's decease contains the following provisions: 'If the homestead was selected from the separate property of either husband or wife, it vests, on the death of the person from whose property it was selected, in the survivor for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same except the life estate of the survivor by will. In either case, it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them

previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter.' Section 3746, Comp. St. 1905. The title to the lots in question was in Henry B. Hadsell at the time of his decease. It was his homestead. On his death a life estate therein vested in his widow, the applicant herein, and the fee vested in his heirs subject to the widow's life estate. This homestead was not an asset of the decedent's estate or subject to administration, and we are unanimous in the opinion that all claims against the estate, of whatever kind or nature, must be paid out of the assets belonging to the estate.

"In discussing homestead statutes much like our own, Thompson, in his work on Homesteads and Exemptions, par. 546, says: 'By force of these statutes, the homestead of a deceased person forms no part of his estate to be administered in the probate court. It is not assets in the hands of the administrator, but the use of it as a homestead is reserved to the family during the period of administration. The authority of the probate court over it is limited to segregating it from that part of the decedent's estate which is subject to administration. When that is done, its jurisdiction ceases.' Woerner, in his work on Administration, sec. 102, says: 'It follows from the absolute nature of the homestead rights, that the homestead can in no view constitute assets in the hands of the administrator, since it vests in the widow and children free from the husband's debts, differing in this respect even from the property allowed for the provisional support of the family.' We are firmly committed to this doctrine by our decisions. In Tindall v. Peterson, 71 Neb. 160, 98 N. W. 688, it is said: 'A homestead of less value than $2,000 cannot be disposed of at administrator's sale, either for the discharge of incumbrances thereon, or for the payment of debts against the estate of the decedent, and a license granted by the district court, purporting to authorize such a sale, is absolutely void.' This holding was followed in Bixby v. Jewell, 72 Neb. 755, 101 N. W. 1026, and had become the settled law of the state. Under our statutes the homestead cannot be taken into account in administering the estate of a deceased person. So far as administration of a decedent's estate is concerned, it is as though the homestead property never belonged to the decedent, as it vests in the widow and heirs immediately upon his death, divested of all claims of whatever nature (except the liens mentioned in the homestead law) which may be allowed against the estate."

Our statute is entirely different, allowing the payment to be made out of any estate descending to the heirs, and I therefore register this dissent.

Note.—See under (1) 11 R. C. L. p. 121; R. C. L. Continuing Perm. Supp. p. 457.